ARTHUR BERRY *vs.* EDWIN R. CLARY AND WIFE.

Kennebec. Opinion August 25, 1885.

*Contracts made on Sunday.    R. S., c. 82, § 116.    Construction of statutes.*
*Constitutional law.*

Revised Statutes, c. 82, § 116, providing that no party, who receives any money or valuable thing as a consideration for a contract made and entered into on Sunday, shall be permitted to defend any action upon such contract until such consideration has been restored, applies to actions arising before as well as after its enactment.

In construing such statutes the court may consider the nature and reason of the remedy, and give effect to the intention of the legislature if that can be ascertained.

A statute may be retroactive and yet not retrospective within the legal meaning of the word.

Retroactive laws, remedial in their nature, are not unconstitutional unless they impair vested rights, or create personal liabilities.

ON exceptions from superior court.

Assumpsit on the promissory note of the defendants for one hundred and twenty-five dollars, dated November 26, 1876, payable in six months.

The note was given for a horse which the defendant took of the plaintiff on the day of the date of the note. It was admitted that November 26, 1876, was Sunday, and the defendant, Edwin R. Clary, testified that the note was written, signed and delivered on the day of its date. And he testified to other facts tending to show that the transaction was at the request of the plaintiff to prevent the horse from being taken for debt. And that the plaintiff assured him that the note given on that day, being Sunday, could not be collected. It was admitted that the consideration received for the note had not been restored.

The court ruled that the foregoing evidence constituted no defence, and ordered a verdict for the plaintiff. To this ruling the defendants alleged exception.

*A. G. Andrews,* for the plaintiff, cited : *Lord* v. *Chadbourne,* 42 Maine, 429 ; *Atkinson* v. *Dunlap,* 50 Maine, 111 ; *Coffin* v. *Rich,* 45 Maine, 507 ; *Reed* v. *Frankfort Bank,* 23 Maine, 318 ; *Bank* v. *Freeze,* 18 Maine, 109 : *Thayer* v. *Seavey,* 11 Maine, 288.

*Herbert M. Heath,* for the defendants.

Had the legislature intended the law to be retrospective it would have read " No person who has received or receives," &c. But the law excludes the idea of past time, or past transactions. It is well settled that to ascertain the meaning of the statute the court will not go beyond the words of the statute. Statutes are to be considered as prospective unless the intention to give a retrospective operation is clearly expressed. *Hastings* v. *Lane,* 15 Maine, 134 ; *Given* v. *Marr,* 27 Maine, 212 ; *Rogers* v. *Greenbush,* 58 Maine, 395.

When made the contract was void. Contracts prohibited by law are void, not voidable but void. 2 Parson's Contr. (5th ed.) 746, 753. See, *Marshall* v. *B. & O. R. R.* 16 How. 314 ; *Ball* v. *Gilbert,* 12 Metc. 397 ; *Drury* v. *Defontaine,* 1 Taunt. 131 ; *Deering* v. *Chapman,* 22 Maine, 491 ; *Towle* v. *Larrabee,* 26 Maine, 464 ; *Nason* v. *Dinsmore,* 34 Maine, 391 ; *Hilton* v. *Houghton,* 35 Maine, 143 ; *Benson* v. *Drake,* 55 Maine, 557 ; *Tilloch* v. *Webb,* 56 Maine, 101 ; *Parker* v. *Latner,* 60 Maine, 528 ; *Pope* v. *Linn,* 50 Maine, 83.

In the various decisions of other courts the use of the word ."void" is general. The legislature uses the word. R. S., c. 82, § 115.

If the contract is illegal in its inception and void between the parties, it will, as between them, forever remain void. They cannot make it legal by ratification or in any other way. *Pope* v. *Linn, supra.*

Much less could any subsequent act of the legislature give validity to a contract that was void at its inception. *Banchor* v. *Mansel*, 47 Maine, 62 ; *Hathaway* v. *Moran*, 44 Maine, 67 ; *Milne* v. *Huber*, 3 McLean, 212 ; *West* v. *Roby*, 4 N. H. 285 ; 2 Parson's Contr. 674; *Jacques* v. *Withey*, 1 H. Bl. 65; *Mayo* v. *Williams*, 27 Ala. 267 ; *Fivaz* v. *Nichols*, 2 M. & G. S. 500; .*Smith* v. *Bean*, 15 N. H. 577; *Rockport* v. *Walden*, 54 N. H. :167 ; *Loring* v. *Boston*, 12 Gray, 209 ; *Kinsman* v. *Cambridge*, :121 Mass. 558; *Rich* v. *Flanders*, 39 N. H. 304; *Willard* v. .*Howey*, 24 N. H. 357 ; *Springfield Bank* v. *Merrick*, 14 Mass. :322 ; *Morton* v. *Rutherford*, 18 Wis. 298 ; *Mitchell* v. *Daggett*, 1 Fla. 371.

FOSTER, J. The note in suit was made and delivered on ·Sunday. The defendant, therefore, must prevail unless ch. 194, Pub. Laws of 1880 (R. S., c. 82, § 116) passed nearly four :years after the date of the note, is retroactive and precludes the ·defense set up in this suit. The statute provides that " no person ·who receives any money, or valuable thing, as the consideration ·for a contract, express or implied, made and entered into on ·Sunday, shall be permitted to defend any action upon such contract on the ground that it was so made and entered into on Sunday, until he shall restore such consideration so received ; _provided_ that nothing herein contained shall apply to any action now pending."

It is admitted that the consideration received for the note has ·not been restored.

We are satisfied that the language of the statute in question is . sufficiently comprehensive to apply to transactions arising not only after its enactment, but also to those previously existing,

with the exception therein named of actions pending at the date of its passage. In construing a statute like this the court must consider the nature and reason of the remedy, and, from the language used, give effect to the intention of the legislature if that can be ascertained. " And such a construction ought to be put upon a statute as may best answer the intention which the makers had in view." Bac. Ab. I. 5. This intention is to be sought for by a careful examination and consideration of all its parts, and not from any particular word or phrase that may be contained in it. This is the guiding star in the construction of every statute.

What was the object to be accomplished by this statute? Undoubtedly to make a party defendant to a Sunday contract do equity.

While it is true that the verb " receives " is in the present tense, yet it is common knowledge that such forms of expression are oftentimes used in statutes, and when applied to the remedy are as appropriate to suits on past as future transactions. And while the proviso, excluding its operations from pending suits, if taken alone may not be sufficient of itself to embrace suits afterwards commenced on past contracts, nevertheless it should be considered with the other parts of the statute in ascertaining its meaning. For if we were inclined to view the statute as applicable to and embracing only actions upon future contracts, then we should be met by the very suggestive as well as pertinent fact that there certainly could be no occasion for a proviso excluding pending suits, having for their basis contracts existing prior to the statute.

Neither can the objection prevail, when construed as applicable alike to past as well as future contracts, that this statute is retrospective in its operation and affects vested rights. It may be retroactive, and yet not retrospective within the legal meaning of the word.

It affects the remedy only, and not the rights of property or obligation of the contract. Retroactive laws, remedial in their nature, are not obnoxious to the objection of being in contravention of the constitution, unless they impair vested rights, or

create personal liabilities. *Coffin* v. *Rich*, 45 Maine, 507; *Read* v. *Frankfort Bank*, 23 Maine, 318; *Oriental Bank* v. *Freeze*, 18 Maine, 109. There is no vested right in any particular remedy. Previous to the statute in question, a defendant sued upon a contract made on Sunday could avail himself of the defense that it was a Sunday contract; but the fact that such a statutory defense existed gave him no vested right, and therefore in this case no vested right has been impaired by the statute. It in no way operates upon the contract, or renders it valid. It exists precisely as it did before. The statute applies only to future remedies, and merely requires the defendant to restore the consideration received by him in the participation of an unlawful act as a condition upon which he may make his defense. *Holmes* v. *French*, 68 Maine, 529.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.