CITY OF AUGUSTA *vs.* CITY OF WATERVILLE.

Kennebec.    Opinion February 11, 1910.

*Paupers. Settlement. Statutes. Aliens. Constitutional Law. Legislative Power. Support of Paupers. Statute, 1821, chapter 122 ; 1905, chapter 142, section 1. Revised Statutes, chapter 27, section 1, paragraph VI, section 33.*

The statute of 1905, chapter 142, section 1, taking effect March 23, 1905, providing that " the Revised Statutes shall not be construed to make any town liable for relief furnished to an alien or his family since said statutes went into effect," does not deprive an alien who gained a pauper settlement before March 23, 1905, of any benefits previously acquired by such settlement."

The word " settlement" in reference to paupers is technical and is used exclusively in relation to the dispensing of public charity.

Under Revised Statutes, chapter 27, section 1, paragraph VI, giving a pauper settlement to " a person of age, having his home in a town for five successive years without receiving supplies as a pauper, directly or indirectly," an alien who has acquired such pauper settlement in a town

before the statute of 1905, chapter 142, section 1, went into effect is entitled to pauper support from the town when in need thereof.

The rule against retroactive legislation, in the absence of constitutional provisions forbidding it, does not apply unless it interferes with contract or vested property rights.

The legislature can impose upon the State itself or upon particular municipalities the support of paupers.

The obligation for pauper support results from positive law, and not from contract express or implied.

The statute of 1905, chapter 142, repealed the provisions of the Revised Statutes subjecting towns to pay for the support of aliens or their families on account of their poverty or distress and substituted a provision that the relief furnished such persons shall be as provided in case of persons having no legal settlement within the State.

In the case at bar, *held* that the settlement of the pauper was not material. It did not confer citizenship. When the relief was furnished him he was an alien, and the statute of 1905, chapter 142, brought it within the provisions of Revised Statutes, chapter 27, section 33.

On agreed statement of facts.    Plaintiff nonsuit.

Action of assumpsit brought in the Superior Court, Kennebec County, by the plaintiff city against the defendant city to recover the sum of $54.10 expended by the plaintiff city for the relief of a pauper whose pauper settlement was alleged to be in the defendant city.    When the action came on for trial, an agreed statement of facts was filed and the case reported to the Law Court for determination with the stipulation that if judgment should be for the plaintiff, it should be for $54.10 and costs; otherwise plaintiff should become nonsuit.

The case is stated in the opinion.

*Thomas Leigh,* City Solicitor, for plaintiff.

*Carroll N. Perkins,* City Solicitor, for defendant.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

PEABODY, J.    This is an action authorized by statute brought by the City of Augusta against the City of Waterville to recover the amount expended by the overseers of the plaintiff city for the relief of a pauper alleged to have a settlement in the defendant city.

The case comes to this court for decision on the following agreed statement of facts and stipulations :

"STATE OF MAINE.

Kennebec, ss.                                             Superior Court.

CITY OF AUGUSTA *vs*. CITY OF WATERVILLE.

Agreed Statement of Facts.

The account sued for in this case, amounting to $54.10, was for pauper supplies furnished by the City of Augusta to one Peter Vigue, and said supplies were received by the said Peter Vigue with full knowledge on his part that they were furnished as such. It is further agreed that these supplies were necessary and reasonable. It is also agreed that proper notice was given to the City of Waterville and denial made by City of Waterville, as required by statute.

Peter Vigue is an alien, born in Canada, never having been naturalized. He lived in Canada until after he became of age. Later he moved to Waterville and for ten consecutive years next prior to January 1, 1907, made Waterville his home. During this time he received no pauper supplies. In May, 1909, he fell in distress in Augusta and received the supplies sued for.

If on these facts judgment shall be for the plaintiff, it shall be for $54.10 and costs, otherwise plaintiff should become nonsuit.

CITY OF AUGUSTA,<br>
by THOS. LEIGH,<br>
City Solicitor.

CITY OF WATERVILLE,<br>
by CARROLL N. PERKINS,<br>
City Solicitor."

The decision of the case depends upon the legal construction of chapter 142 of the Public Laws of 1905, approved March 23, 1905, which is as follows :

"Section 1. The revised statutes shall not be construed to make any town liable for relief furnished to an alien or his family since

said statutes went into effect, but relief furnished any such person shall be within the provisions of section thirty-three of chapter twenty-seven."

The Revised Statute referred to is chapter 27, section 1. Paragraph VI of this section is essentially the same as the following provision in chapter 122 of the Laws of 1821, relating to the relief of the poor and pauper settlements:

"Any person of the age of twenty one years, who shall hereafter reside in any town within this State for the space of five years together, and shall not during that time receive directly or indirectly, any supplies or support as a pauper from any town, shall thereby gain a settlement in such town."

The statute of 1821 repealed all former laws "made enacting and ascertaining what shall constitute a legal settlement of any person, in any town within this State, so as to subject and oblige such town to support such person, in case of his becoming poor and standing in need of relief, so far as they relate to the manner of gaining a settlement in future."

It was construed by the court in the case of *Knox* v. *Waldoborough*, 3 Maine, 455, to embrace aliens as well as citizens, and the doctrine of that case was reaffirmed in *Calais* v. *Marshfield*, 30 Maine, 511.

Before the statute of 1905 was enacted and went into effect, the alien pauper had gained a settlement in the City of Waterville, and the statute, though by its application to a section of the Revised Statute referred to therein is for some purposes retrospective, cannot be construed as to deprive him of any benefits which he had previously acquired by such settlement. 2 Lewis' Sutherland Statutory Construction. Secs. 641, 642. But the word "settlement" in reference to paupers is technical and is used exclusively in relation to the dispensing of public charity. 7 Words and Phrases, 645.

By his settlement the pauper had the right in case of need to support from the inhabitants of the City of Waterville in which he had his settlement. *Inhabitants of Jefferson* v. *Inhabitants of Washington*, 19 Maine, 293; *Inhabitants of Warren* v. *Inhabitants of Thomaston*, 43 Maine, 406. In other words he had the

right to have the support provided by law furnished to him by that city. It is now necessary to consider whether a change by statute of the burden of support from that municipality to the State impaired his rights.

The rule against retroactive legislation in the absence of constitutional provisions forbidding it does not apply unless it interferes with contract or vested property rights. 2 Lewis' Sutherland Statutory Construction, sec. 647.

The legislature has the power to impose upon the State itself or upon particular municipalities the support of paupers as it may choose. 22 Am. & Eng. Enc. 1000.

The obligation for support results from positive law and not from contract express or implied. *Davis* v. *Milton Plantation*, 90 Maine, 512; *Augusta* v. *Chelsea*, 47 Maine, 367; *Blakesburg* v. *Jefferson*, 7 Greenleaf, 125.

When the alien pauper had need of support the obligation to provide it by the provisions of the new statute rested solely upon the State and was as adequate as when by statute it prospectively rested upon the city in which he had acquired his settlement.

Chapter 142 of the Public Laws of 1905 legally repealed the provisions of the Revised Statutes subjecting towns to pay for the support of aliens or their families on account of their poverty or distress, and substituted a provision that the relief furnished such persons shall be as provided in case of persons having no legal settlement within the State.

The settlement of Peter Vigue is not material in this case. It did not confer citizenship. When the relief was furnished him he was an alien and the statute brought it within the provisions of section 33, chapter 27 of the Revised Statutes.

*Plaintiff nonsuit.*