Henry P. **FOURNIER**

v.

Berthe C. **FOURNIER.**

Supreme Judicial Court of Maine.

July 29, 1977.

Fales & Fales, P.A. by Roscoe H. Fales, Lewiston, for plaintiff.

Rocheleau & Fournier, P.A. by Paul C. Fournier, William Rocheleau, Jr., Lewiston, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The defendant has appealed [1] from a decision of the Superior Court which granted plaintiff a divorce and subsequently ordered a distribution of the parties' marital property pursuant to 19 M.R.S.A. § 722–A enacted by P.L.1971, ch. 399, § 2 (*effective January 1, 1972*). The defendant challenges the validity of § 722–A on the grounds that (1) as applied to property acquired prior to the effective date of the statute, it unconstitutionally impairs her vested rights therein, and (2) it is unconstitutionally vague.

We deny the appeal.

### FACTS

The plaintiff and defendant were married in 1948. On January 26, 1973, the plaintiff filed a complaint seeking a divorce on the grounds of cruel and abusive treatment and requesting disposition of the parties' marital property pursuant to § 722–A. After a hearing plaintiff was granted a divorce but decision on the disposition of the marital property was postponed.

At a later time, and after hearing, a decree issued applying § 722–A to separate parcels of real estate acquired by the parties *prior* to January 1, 1972.

The first parcel of real estate is located in Old Orchard Beach, Maine. The defendant obtained a one-third interest in this property in *1955* through intestate succession from her mother, and shortly thereafter acquired full title by purchasing the similarly acquired interests of her father and sister.

The second parcel of real estate is situate in Lewiston, was conveyed to the parties as

---

1. Plaintiff cross-appealed also because "[t]he Court erred in not awarding an interest in the real estate at Old Orchard Beach, Maine, to the husband-Plaintiff-Appellant." Our ultimate de-

cision on the merits of the defendant's appeal renders the cross-appeal moot and, therefore, it will not be discussed herein.

joint tenants in *1957* and consists of land and a three-apartment building. The parties occupied one of the apartments as their marital residence.

19 M.R.S.A. § 722–A provides:

"1. Disposition. In a proceeding: (a) for a divorce, (b) for legal separation, or (c) for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of said property, the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

A. The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

B. The value of the property set apart to each spouse; and

C. The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

2. Definition. For purposes of this section only, 'marital property' means all property acquired by either spouse subsequent to the marriage except:

A. Property acquired by gift, bequest, devise or descent;

B. Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;

C. Property acquired by a spouse after a decree of legal separation;

D. Property excluded by valid agreement of the parties; and

E. The increase in value of property acquired prior to the marriage.

3. Acquired subsequent to marriage. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection 2."

With the exception of the one-third interest in the Old Orchard Beach property acquired by the defendant by descent, the Court ruled both parcels of real estate were marital property, the plaintiff being awarded the Lewiston realty and the defendant the remaining two-thirds interest in the property at Old Orchard Beach.

I

■ The first prong of the defendant's attack on the constitutionality of § 722–A is based on her claim that its application to property acquired after marriage but prior to the statute's effective date deprives her of vested rights therein in violation of the due process clause of the Fourteenth Amendment. The defendant relies on a suggestion found in *Young v. Young,* 329 A.2d 386, 390 n. 4 (Me.1974), namely:

"In the entirety of the above discussion we have proceeded on an assumption . . . that the provisions of 19 M.R.S.A. § 722–A may *without constitutional difficulty* be *applied* to judicial proceedings for the dissolution of a marriage occurring *after* the effective date of the statute—notwithstanding that the legal nature of the property interest, as created *prior* to the enactment of the statute, becomes subject to change by the operation of the statute. It is not entirely clear that *as thus applied,* 19 M.R.S.A. § 722–A would have constitutional validity. [Citations omitted] Since, however, we have concluded that the appeal of defendant must be sustained on a ground independent of this constitutional question, our mention of it intimates no opinion as to how the question should be decided."

It is established in this State that a statute which has retrospective application is

unconstitutional if it impairs vested rights. *See, e. g., Berry v. Clary,* 77 Me. 482, 1 A. 360, 361 (1885); *Proprietors of the Kennebec Purchase v. Laboree,* 2 Me. 275, 289 (1823). Traditionally, the rule has been that

> "[l]egislatures have the power to pass retrospective statutes, if they effect remedies only. Such is the well settled law of this State. But they have no constitutional power to enact retrospective laws which impair vested rights, or create personal liabilities."

*Coffin v. Rich,* 45 Me. 507, 514–15 (1858). *See also Thut v. Grant,* 281 A.2d 1, 6 (Me. 1971); *Warren v. Waterville Urban Renewal Auth.,* 235 A.2d 295, 304 (Me.1967); *Sabasteanski v. Pagurko,* 232 A.2d 524, 525 (Me.1967); *Dalton v. McLean,* 137 Me. 4, 9, 14 A.2d 13, 15 (1940); *Miller v. Fallon,* 134 Me. 145, 183 A. 416, 417 (Me.1936). *Cf. Portland Savings Bank v. Landry,* 372 A.2d 573 (Me.1977) (decided under the contract clause).

We agree that the right to own property is a constitutionally protected right. We further agree with appellant that a law would be unconstitutional if, when applied retrospectively, it would alter or impair the nature of a person's title in property. *See Willcox v. Penn. Mut. Life Ins. Co.,* 357 Pa. 581, 55 A.2d 521 (1947), cited in *Young v. Young, supra.* However, we do not agree that § 722–A has such an effect.

In enacting § 722–A, the legislative purpose was to provide a more equitable method of distributing property upon the termination of a marriage and not to affect property titles retrospectively. *See* Commissioners' Prefatory Note, Uniform Marriage and Divorce Act, 9 Uniform Law Ann. at 457. By its own terms the Act becomes operative when a divorce or separation proceeding is involved. § 722–A(2) limits the definition of "marital property" to the "purposes of this section *only.*" (Emphasis supplied.) The Act does not prevent married persons from owning property separately during marriage and disposing of it in any fashion either of them may choose, assuming neither a separation nor a divorce

intervenes. *See, e. g., In Re Questions Submitted by the United States District Court,* 184 Colo. 1, 517 P.2d 1331, 1335 (1974). Viewed in this light, the defendant's claim that § 722–A deprived her of vested property rights without due process of law is without merit.

Furthermore, simply because defendant acquired property during marriage but prior to the effective date of § 722–A, does not mean that she also acquired a vested right in a particular statutory procedure governing the disposition of property upon divorce. Prior to the enactment of § 722–A, a spouse's property rights upon divorce were governed by either 19 M.R.S.A. § 721 or § 723. These statutes conferred no vested rights on a spouse prior to a divorce. Any rights acquired pursuant to either § 721 or § 723 were purely contingent until a divorce had been granted. Statutes providing procedures for the division of property upon divorce are remedial in nature, and the legislature may change those procedures without offending constitutional principles. As we stated in *Warren v. Waterville Urban Renewal Auth.,* 235 A.2d 295, 304 (Me. 1967):

> "There is no such thing as a vested right to a particular remedy."

## II

The defendant next contends that § 722–A is unconstitutionally vague because it lacks adequate standards to guide the court in making a decision on the division of marital property.

We disagree.

In *Shapiro Bros. Shoe Co. v. Lewiston-Auburn Shoeworkers Protective Ass'n.,* 320 A.2d 247, 253 (Me.1974), we stated that due process requires that a statute

> "provide reasonable and intelligible standards to guide the future conduct of individuals and to allow the courts and enforcement officials to effectuate the legislative intent in applying these laws."

*Accord, Maine Real Estate Comm'n. v. Kelby,* 360 A.2d 528, 531 (Me.1976).

Section 722–A directs the court to "divide the marital property in such proportions as the court deems just after considering all relevant factors" and then enumerates three specific areas which must be taken into consideration in making the marital property division.[2] From the plain language of the statute these factors are not exclusive. The court may, of course, give consideration to other matters peculiar to the case being heard in order that a "just" result be obtained. The courts' many years of experience dealing with divorce certainly have demonstrated that no two marriages present identical problems. The relations of marital property to individual marriage partners is unique in each case. What would be a "just" division on one set of facts could easily become unjust on another. Therefore, a division of marital property pursuant to § 722–A must be made on the basis of the facts of each case. *See Gaskie v. Gaskie,* 534 P.2d 629 (Colo.1975).

Within the foregoing broad standards, the problem of making an equitable marital property division must be addressed to the sound discretion of the presiding Justice. *See Davis v. Davis,* 35 Colo.App. 447, 534 P.2d 809 (1975). In enacting § 722–A, the Legislature obviously recognized the need to afford the trial court sufficient flexibility to fashion orders concerning the division of marital property which are appropriate to each individual case. On the other hand, the Legislature also sought to guide the exercise of judicial discretion by requiring that the court consider at least three specified factors in arriving at its decision.

We must, therefore, reject the defendant's contention that § 722–A is "void for vagueness" because it does not specify *all* of the factors the presiding Justice should consider on the issue of the parties' marital property.

While this statute was not then enacted, our decisions with respect to alimony and support awards may have furnished a rationale which supports the result we have reached.

In *Strater v. Strater,* 159 Me. 508, 518–19, 196 A.2d 94, 99 (1963), we recognized that

"[t]here is no universal standard which a judge may apply in determining the amount of alimony in any given case. The nature of a divorce action, with all the human, economic and social problems flowing from it, makes it impossible to establish a rule of thumb applicable to the determination of the amount of money a husband should pay as alimony and for the support of children. Every divorce action is different in its alimony and support aspects. Seldom, if ever, are found two cases with identical or even comparable facts. Lack of fixed standards requires a judgment based on the exercise of a sound discretion."

*See also Pendexter v. Pendexter,* 363 A.2d 743, 748 (Me.1976).

The presiding Justice, in fulfilling the mandate of § 722–A, must exercise his sound discretion in making a fair and equitable division of the parties' marital property. As in the awarding of alimony or child support, it is neither necessary, desirable nor, in fact, possible, to delineate in a statute all the factors which a court must consider in reaching such a decision. *See, e. g., Grummert v. Grummert,* 195 Neb. 148, 237 N.W.2d 126, 129 (1975); *Nicholson v. Nicholson,* 126 N.W.2d 904, 908 (N.D.1964); *Mitchell v. Mitchell,* 194 A.2d 828, 830 (D.C. App.1963); *Rhodes v. Rhodes,* 370 P.2d 902, 905 (Alaska 1962); *Traynor v. Traynor,* 146 Colo. 70, 360 P.2d 431, 432–33 (Colo.1961); *Whiteker v. Whiteker,* 332 P.2d 953, 956 (Okl.1958).

We conclude, therefore, that 19 M.R.S.A. § 722–A is not unconstitutionally vague.

The entry is:

Defendant's appeal denied. Plaintiff's cross-appeal denied because of mootness.

All Justices concurring.

---

2. *See* § 722–A(1)(A), (B), (C), quoted in full in the body of this opinion, *supra.*