**Antonio G. ANANIA**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Nov. 29, 1978.

Richard A. Davis (orally), Portland, for plaintiff.

David A. Lourie, Asst. Corp. Counsel (orally), James J. Purcell, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Appellee Anania, employed as a fireman by appellant City of Portland, suffered a compensable injury in 1966 and began receiving workers' compensation payments from the city at a rate of $59.81 per week. That amount was supplemented by $45.19 per week paid by the city pursuant to contract. When appellee discovered he was unable to return to work, he was referred to the person in charge of compensation claims at the office of the corporation counsel for the City of Portland.

The commission found that the following events occurred: The city employee in charge of compensation claims advised Anania to resign from the fire department and begin drawing disability retirement benefits. He followed her advice, and in February 1968, his contract supplemental pay was terminated. He was thereupon entitled to receive a pension of $284.66 per month, but he found his net monthly pension check came to only $25.59 because his workers' compensation benefits were being deducted. When he went to see the city employee about that deduction, she told him the deduction was proper and that the best thing for him to do was to sign off his workers' compensation benefits for a lump sum. She told him that he did not need a lawyer to do that and that she would "prepare the papers." She "prepared the papers" by filling in the blanks on a "Form 28," a form of petition for a commission order under 39 M.R.S.A. § 71 commuting all future compensation payments to a lump sum of $2,500. She entered "March 10, 1970" as the date of the petition. In a space on the form to indicate the reason for lump-sum payment, she typed "in the best interest of the employee." Anania signed the petition. By one provision of the petition, as prepared by the city employee, Anania gave up all rights to medical, surgical and hospital care after the date of the petition. Part of the "Form 28" consisted of a form of order, which the commission chairman signed, granting the petition, on March 13, 1970. Throughout, Anania thought that the city employee was representing him.

In 1975, appellee discovered that the deduction from his pension had been improper. When he complained to a representative of the state retirement system, he received a check for over $6,000 from the retirement system, representing the amount of his pension that had been wrongly withheld from him, by deduction from his pension, from February, 1968, to March, 1970. He brought the present petition in May, 1976, to annul the lump-sum award order of March 13, 1970. The commissioner presiding at the hearing decreed that the order be annulled and that Anania's compensation be

restored as of the date of the annulled commutation order, with credit to the city for the amount paid as a lump sum. He asserted that the commission's power to annul the decree arose "by implication as necessary and incidental to the full and complete exercise of the powers granted" to the commission. "There is an inherent right," he said, "of a judicial or quasi-judicial body to protect itself by exercise of an inherent power to set aside judgments procured by fraud or mistake of fact." He then annulled the 1970 order on two grounds: that the commutation was a product of mutual mistake of fact and that the award was invalid because it did not comply with the terms of the commutation statute, 39 M.R. S.A. § 71. The commissioner indicated that fraud might also be a ground for setting aside the award but made no express finding on that subject. The City of Portland appeals, asserting that the commission lacked power to vacate the award.

■ This Court has repeatedly held that the Workers' Compensation Commission has only the power that is expressly granted by statute. *Mullen v. Brown Homes,* Me., 358 A.2d 557 (1976); *Joyce v. Conary,* Me., 317 A.2d 794 (1974). After the commission has rendered a decree in a petition for compensation, it has no authority to grant a rehearing on the ground of newly discovered evidence. *Johnson v. Kostis Fruit Co.,* Me., 281 A.2d 318 (1971); *Lynch v. Jutras,* 136 Me. 18, 1 A.2d 221 (1938); *Conners' Case,* 121 Me. 37, 115 A. 520 (1921). The reason for the limiting construction given to the Commission's authority to revise its decrees and orders was expressed in 1921 in *Conners' Case, supra,* at 43–44, 115 A. at 523, as follows:

"The design of the entire Workmen's Compensation Act is the speedy, inexpensive and final settlement of the claims of injured employees. Its procedure shuns protracted and complicated litigation, and yet if the practice here asked for is recognized and adopted there would seem to be no end to litigation. If the employee can ask a rehearing on the merits in this manner, the same right must be given to the employer, and a weapon placed in his hands that by delay would thwart the very salutary purpose of the act. Then, too, there would seem to be no limitation to the time when such a petition could be filed. In short, these cases, intended to be speedily and 'summarily' disposed of, might be dragged to an interminable length."

Because of harsh results that sometimes occur in the application of this normally salutary rule, this Court has twice suggested that the legislature consider amending the statute. *See Cayton v. National Sea Products,* Me., 373 A.2d 1229, 1231 (1977).

Throughout the history of the Act, the legislative response to our decisions has not indicated any basic disagreement with the Court's restrictive view of the commission's power to revise its rulings. When the legislature has decided to vest some kind of revisory authority in the commission, it has done so in explicit language. The commission has always been authorized to entertain a petition for review of incapacity. 39 M.R.S.A. § 100. In such cases it has been required to treat an existing order or approved compensation agreement as settling firmly any question of degree of incapacity or amount of compensation prior to the time of its decision on the petition for review. *Dufault v. Midland-Ross of Canada, Ltd.,* Me., 380 A.2d 200 (1977).

Since 1929, the commission has been authorized, on petition of either party, to annul an approved compensation agreement if it finds that the agreement was entered into through mistake of fact by the petitioner or fraud. 39 M.R.S.A. § 102, enacted originally as P.L.1929, ch. 300, § 39. When the commissioner decided the present case, on February 24, 1977, section 102 gave the commission authority to annul on those grounds "any agreement which has been approved by the Director of the Bureau of Labor."[1] At the time of his order, agree-

---

1. Section 102 of title 39 was amended by P.L. 1977, ch. 709, § 5, effective July 23, 1977, to require approval of compensation agreements by the commission rather than the Director of the Bureau of Labor.

ments for compensation under section 94 of the Act required approval of the Director of the Bureau of Labor, whereas lump-sum payments under section 71 required only the approval of the commission. Hence section 102, as it read when the commissioner decided this case, could not possibly have been construed as extending to lump-sum payment awards.

 In 1977, after the commission ordered annulment of the 1970 decree in this case, a new provision was added to the Workers' Compensation Act giving the commissioner authority to correct clerical mistakes in its "decrees, orders or other parts of the record and errors therein arising from oversight or omission." 39 M.R.S.A. § 99–A (Supp.1978–79). That limited provision manifests no basic change in policy. It does not authorize the commission to revise its orders because of mistakes that are not the result of mere oversight or omission. The fact that the legislature adopted only the narrowly limited provisions of section 99–A supports the conclusion that it did not wish to increase the commission's revisory jurisdiction to the extent contended for in this case. We conclude that the commission did not have inherent power to annul its decree of March 13, 1970, on the ground of mistake, and that the provisions of the Workers' Compensation Act did not authorize the exercise of such power, either expressly or by fair implication.

As an alternative ground for annulling the commutation order, the commissioner asserted that the award was void because made in a manner contrary to mandatory provisions of the statute. At the time of the commissioner's order, section 71 of title 39 provided, in part, as follows:

"Where such commutation is ordered, the commission shall fix the lump sum to be paid at an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at 5% per year with annual rests."[2]

The commutation award was for only $2,500 while the value of petitioner's monetary benefits was about $60,000 before reduction to present value. In addition, appellee would have been entitled to reimbursement for medical, surgical and hospital charges. Since the amount of the lump-sum award was far below the commuted value of future payments, the commissioner found it had not been made in compliance with the statute. Assuming, without deciding, that the award could not have been justified under the statute as it stood at the time of the commissioner's decision, we conclude that the award was nevertheless not a nullity but was valid and enforceable until set aside by appropriate procedure. The commission had authority to make lump-sum awards. It did not lose that power by erroneously determining the amount of the award.

On the basis of the facts developed in the commission hearing, we agree with the commission that the appellee has been the victim of a grave injustice as a consequence of following mistaken advice from the City of Portland's own agent. The law is clear, however, that the commission does not have authority to annul its own order of March 13, 1970.

The entry is:

Appeal sustained.

Pro forma decree of the Superior Court is vacated.

The case is remanded to the Workers' Compensation Commission for entry of order dismissing appellee's petition for annulment of the commission's commutation order of March 13, 1970.

It is further ordered that the employer pay to the employee an allowance of $550 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

DELAHANTY, J., did not sit.

2. The quoted sentence was repealed by P.L. 1977, ch. 437, § 3, effective October 24, 1977.