**William M. CANNON**

v.

**Owen John FOLSOM and United States Fidelity & Guaranty Company.**

Supreme Judicial Court of Maine.

May 25, 1979.

**998**

McTeague, Higbee & Tierney by Maurice A. Libner (orally), Patrick N. McTeague, Brunswick, for plaintiff.

Mitchell, Ballou & Keith by Peter M. Weatherbee (orally), Kevin M. Cuddy, Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

On April 14, 1977, appellant-employee, William Cannon, petitioned the Industrial Accident Commission[1] to annul two compensation agreements he had entered into with his employer, Folsom, and his employer's compensation insurer, United States Fidelity & Guaranty Company. The employee appeals from an order of the Commission dated October 27, 1977, and incorporated in a pro forma decree of the Superior Court, Penobscot County, dismissing the petition. We sustain the employee's appeal and order the case remanded to the Commission for a further determination of fact necessary for a correct disposition of the case.

Pursuant to 39 M.R.S.A. § 99, the parties submitted the case to the Commission on an agreed statement of facts the substance of which was as follows: On December 20, 1973, the employee suffered a compensable injury while in the employ of Owen John Folsom. As a result of the injury, the employee was totally disabled from December 21, 1973, to July 16, 1974, and again from December 3, 1974, to November 10, 1975. Each time, the employee, employer, and insurance carrier executed an agreement to pay compensation for the period of total disability. Each of the two agreements was approved by the Director of the Bureau of Labor, as 39 M.R.S.A. § 94 then required. Each compensation agreement stated that the employee's "average weekly wages" were $81.83. According to the agreed statement of facts, however, "his wages, including additional employment at the same time, totaled $177.29."[2] With respect to the discrepancy, the statement merely says:

"5. William Cannon entered into both agreements under a mistake involving his average weekly wage.

---

1. Effective July 6, 1978, the name of the Industrial Accident Commission was changed to Workers' Compensation Commission. P.L. 1977, ch. 612.

2. 39 M.R.S.A. § 2(2)(D) (1978) provides:
   "Where the employee is employed regularly in any week concurrently by 2 or more employers, for one of whom he works at one time and for another he works another time, his 'average weekly wages' shall be computed as if the wages, earnings or salary received by him from all such employers were wages, earnings or salary earned in the employment of the employer for whom he was working at the time of the injury."

6. Both agreements stated that William Cannon's average weekly wages were $81.83. However, his wages, including additional employment at the same time totalled $177.29.

7. Mr. Cannon's mistake respecting his average weekly wage was made innocently, in good faith, and without fraud.

8. Mr. Cannon was aware at the time he entered into each agreement that he had wages from more than one employer at the time of his compensable injury while employed by Owen Folsom."

On the basis of those stipulated facts, the employee petitioned the Commission to annul the compensation agreements, alleging that he had been "in dual employment" at the time of the injury and that "this fact was not considered by the Employer or Insurance Carrier at the time the Agreements were taken."

The Commission is empowered to annul compensation agreements by 39 M.R.S.A. § 102, which, at the time the agreements were signed, provided in part as follows:

"Upon the petition of either party at any time the commission may annul any agreement which has been approved by the Director of the Bureau of Labor provided it finds that such agreement was entered into through mistake of fact by said petitioner or through fraud. . ." [3]

In this case the Commissioner held that he had no power to annul the approved agreement under section 102 because no "fraud" was involved and the employee's "mistake" was one "of law" and not "of fact."

## I.

■ The employee first argues that the approved compensation agreements are without jurisdictional basis and void because they are contrary to the explicit provisions of the Workers' Compensation Act.

The argument hinges on 39 M.R.S.A. § 54 which provides, in part:

"While the incapacity for work resulting from the injury is total, the employer shall pay the injured employee a weekly compensation equal to ⅔ his average gross weekly wages, earnings or salary . . . ."

Because his average weekly wages, as defined by 39 M.R.S.A. § 2(2)(D), included the wages from his concurrent second job, the employee argues that the approval of the compensation agreements, which do not take the additional wages into account, was prohibited by statute and void. Our recent decision in *Anania v. City of Portland,* Me., 394 A.2d 782 (1978), rejected a closely similar argument made by the claimant in that case with respect to a lump-sum settlement agreement. The same principle applies here: Even if the compensation agreements conflicted with the provisions of section 2 of the Workers' Compensation Act, the agreements remain valid and enforceable until set aside by appropriate procedure.

## II.

The employee invokes the Commission's power to annul compensation agreements pursuant to 39 M.R.S.A. § 102. Because there is no allegation of fraud, the sole issue is whether the Commission erred by denying the employee's petition to annul on the ground that the agreed statement of facts failed to establish that the agreements were "entered into through mistake of fact by said petitioner" within the meaning of section 102.

Shortly after this appeal was argued, this Court issued its opinion in *St. Pierre v. St. Regis Paper Co.,* Me., 386 A.2d 714 (1978), in which we considered a closely related issue based on somewhat similar facts. In that case an employee petitioned the Commission to annul a compensation agreement which stated his average weekly wages incorrectly in view of 39 M.R.S.A. § 2(2)(A), (B) & (C). On review of the circumstances, we held

---

3. 39 M.R.S.A. § 102 was amended by P.L.1977, ch. 709, § 5, which substituted "commission" for "Director of the Bureau of Labor."

that the employee entered into the agreement because of a mistake of fact by the employee within the meaning of section 102.[4]

The rationale for our holding that a mistake of fact occurred was as follows:

"A mistake of fact occurs either when some fact which really exists is unknown or some nonexistent fact is supposed to exist. *See, e. g., Kennie v. City of Westbrook,* Me., 254 A.2d 39, 42–43 (1969). In the present case, in submitting the compensation agreement to St. Pierre for signing, St. Regis stated to him that his 'average weekly wages' for compensation purposes were $174.89. Implicit in that statement was a representation of fact that St. Regis had gone through the statutorily required steps to determine the $174.89. The employee, whether from language deficiencies or from confidence in the superior knowledge of his self-insured employer, signed without question what St. Regis had done. In fact, St. Regis had not taken all the steps required by paragraph C—it had given no regard to St. Pierre's own previous earnings or the earnings of any similarly situated employees other than Bonneau. The petitioning employee entered into the compensation agreement, assuming erroneously that St. Regis had actually done those things mandated by the statute. That erroneous assumption inducing the employee to sign the agreement was a 'mistake of fact by said petitioner' under section 102. The commission possesses the necessary statutory authority to annul the original compensation agreement and should do so, leaving the employee free to pursue whatever remedies are available to him in absence of a binding agreement."

■ In the present case, the only relevant facts before the Commissioner were that as the employee signed the agreements he "was aware" that he had wages from a second employer and he entered into both agreements "under a mistake involving his average weekly wage." The parties' stipulation before the Commissioner lacks any description of the circumstances surrounding the signing of the compensation agreements or other facts that would permit determination by an appellate court that the employee entered into the agreement as a result of a mistake of fact on his part. The stipulation falls short of asserting the causal connection necessary for annulment under section 102.[5]

■ In view of the liberal construction required by section 92 of the Workers' Compensation Act, we believe that the employee, in his petition to annul, and the Commission, in its consideration of that petition, are entitled to the benefit of our decision in *St. Pierre v. St. Regis Paper Co.,* Me., 386 A.2d 714 (1978).[6] In accordance with the procedure followed in *Severance v. State of Maine Department of Transportation,* Me., 324 A.2d 314, 317 (1974) and *Justard v. Oxford Paper Co.,* Me., 328 A.2d 127, 130 (1974), we therefore vacate the pro forma judgment of the Superior Court and re-

---

**4.** In *St. Pierre* we held that the employer in the compensation agreement and the Commission in its denial of the petition to annul, erred by failing to give due regard to all the factors in 39 M.R.S.A. § 2(2)(C) in determining the employee's average weekly wages. The error in calculation in the present case may have been caused by failure to give due regard to the employee's concurrent second job as required by 39 M.R.S.A. § 2(2)(D). Although the existence of the second job may have been particularly within the knowledge of the employee, the fact remains that the compensation agreements incorrectly state his average weekly wages.

**5.** Under section 102 of the Act, the compensation agreement must have been entered into "through" mistake of fact by the petitioner or

"through" fraud. The word "through" imports a requirement of causality. *See also Restatement of Restitution,* § 6 and Comments b & c thereto.

**6.** We note that in the recent case of *Coffin v. Hannaford Brothers Co.,* 396 A.2d 1007 (1979), on a petition to annul a compensation agreement, the Commission, citing *St. Pierre,* found that the employee's signing of the agreement presented by the employer, which failed to include a second concurrent job in his average weekly wages, resulted from a mistake of fact by the employee. However, the Commission's finding in that respect was not an issue on appeal to this Court.

mand the case to the Commission to determine, after hearing, the circumstances surrounding the employee's signing of the compensation agreements and then to determine, in the light of those circumstances, whether the employee signed the agreements as a result of his "mistake involving his average weekly wage." The Commission is to reach a decision on whether the petition comes within the scope of section 102 as interpreted in *St. Pierre.*

The entry must be:

Appeal sustained.

Pro forma judgment of the Superior Court vacated.

Remanded to the Workers' Compensation Commission for hearing and other proceedings consistent with this opinion.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.