RAYMOND GILLMORE, Plaintiff-Appellant, *v.* IDEAL INDUSTRIES, INC., *et al.*, Defendants-Appellees.

Fourth District   No. 15279

Opinion filed July 18, 1979.

Knuppel, Grosboll, Becker and Tice, of Petersburg, for appellant.

Lester Berry Smith, Ltd., of Peoria, for appellee Ideal Industries, Inc.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff was injured in a work-related accident. After he had received periodic payments on account of the injury for 25 weeks, he and his employer, defendant Ideal Industries, agreed to a lump sum settlement approved by defendant Industrial Commission of Illinois. Plaintiff later tried to reopen the case, but the Industrial Commission denied that it had any jurisdiction to modify such an award. Defendant then filed suit in circuit court, asking that the release be set aside for an alleged mutual mistake of fact and that the Industrial Commission be

enjoined from entering an order that it had no jurisdiction. The circuit court dismissed this complaint, and we affirm.

Under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*), a worker who is disabled in a work-related injury is presented with a choice in the manner in which he draws his award. Though payments are normally made in installments, section 9 of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.9) provides that the injured employee may petition the Industrial Commission for a lump sum settlement. Under section 9, the Commission may award a lump sum settlement when it appears to be in the best interests of the parties. While awards payable in installments are reviewable by the Commission for up to 18 months on an allegation that the injury has recurred, increased, or diminished, review of lump sum settlements is specifically prohibited. (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(h).) This statutory prohibition has been held to extend even to cases of fraud. (*Michelson v. Industrial Com.* (1941), 375 Ill. 462, 31 N.E.2d 940.) Thus, the Industrial Commission was clearly correct in declining to review the award.

Section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(f)) states that decisions of the Commission "shall, in the absence of fraud, be conclusive" except as to correction of clerical errors. While it has long been the position of the Illinois courts that a complaint could properly be filed in equity to secure relief from a lump sum settlement agreement based on fraud (*Michelson; Lambert v. Remington Rand, Inc.* (1948), 334 Ill. App. 176, 78 N.E.2d 852), neither these cases nor the statutory language supports an extension of such review to cases where no fraud is alleged. The act recognizes that the extent of a person's injuries may be hard to ascertain at the time of or immediately following an accident. Thus, review based upon an alleged change in the employee's condition is available for up to 30 months. It is precisely that right that plaintiff here bargained away in exchange for his lump sum settlement.

Affirmed.

TRAPP and GREEN, JJ., concur.