Charles T. MERRILL

v.

EASTLAND WOOLEN MILLS, INC. and American Universal Insurance Co.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1980.

Decided June 3, 1981.

Lawrence E. Merrill, Bangor, David S. Turesky, Portland (orally), for plaintiff.

Eaton, Peabody, Bradford & Veague, Stephen G. Morrell (orally), John E. McKay, Bangor, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN,* ROBERTS, and CARTER, JJ.

GODFREY, Justice.

Employee Merrill appeals from a pro forma decree of the Superior Court affirming the denial by the Workers' Compensation Commission of his petition to annul a lump-sum agreement. The principal issue raised by the appellant is whether, under 39 M.R.S.A. § 102 (1978), as amended by P.L. 1977, ch. 709, § 5, the Commission has authority to annul for mistake of fact a lump-sum settlement agreement executed by the parties and approved by the Commission in 1971. Because we hold that the Commission has such authority by virtue of the 1978 amendment of section 102, we sustain the appeal.

On January 16, 1970, Merrill suffered a work-related injury to his right arm while employed by Eastland. After negotiation in which one agreement was executed and later challenged through a petition for review filed by the appellant, the lump-sum settlement agreement here in question was

---

* GLASSMAN, J., sat at oral argument and in the initial conference, but died before this opinion was adopted.

executed by the parties and the petition for review was withdrawn. The lump-sum agreement was approved by the Commission on May 24, 1971. On July 30, 1971, the Commission received proof of payment to the appellant.

On August 8, 1979, the appellant, alleging he had entered into the agreement through mistake of fact, filed a petition to annul the lump-sum settlement agreement under 39 M.R.S.A. § 102 (1978). After a hearing, the Commission dismissed the petition on March 14, 1980, finding that "all the requirements of § 71 of the Act in reference to the lump sum settlement were complied with" and concluding, as a result, that it had "no authority to annul the Lump Sum Settlement previously approved." The Commission made no findings of fact relevant to the merits of appellant's claim.

■ In *Anania v. City of Portland*, Me., 394 A.2d 782 (1978), this Court held that in 1977 the Commission had no authority to entertain a petition seeking annulment of a lump-sum settlement. Our holding in *Anania* rested on the longstanding principle that the Commission's authority to reopen its own decisions is strictly limited by statute. *Id.* at 784. Lump-sum agreements have always required Commission approval. 39 M.R.S.A. § 71 (1978).[1] *See* P.L. 1915, ch. 295, § 28. But when Anania's petition to annul was filed, the language of 39 M.R.S.A. § 102 authorized the Commission only to annul those agreements that had been approved by the Director of the Bureau of Labor.[2] Thus, in *Anania* the Law Court was constrained to conclude that lump-sum agreements approved by the Director of the Bureau of Labor before July 6, 1978, were not subject to section 102. Several months after the Law Court heard the appeal in Anania's case, the legislature amended section 102. P.L. 1977, ch. 709, § 5. The statutory term "Director of the Bureau of Labor" was deleted and replaced by the word "Commission."[3] Thus, the precise

---

1. Currently, 39 M.R.S.A. § 71 provides as follows:

    In any case where compensation is being paid or is claimed on account of an injury or death, either the employer, or the employee or his dependents, may petition the commission for an order commuting all payments on account of such injury or death that may become due in the future, to a lump sum. Such petition may be granted where it is shown to the satisfaction of the commission that the payment of a lump sum in lieu of future weekly payments, or as an agreed compromise settlement of a disputed claim, will be for the best interests of the person or persons receiving or claiming such compensation, or that the continuance of weekly payments will, as compared with a lump sum payment, entail undue expense or hardship upon the employer liable therefor, or that the person entitled to compensation has removed or is about to remove from the United States.

    Upon payment of any lump sum approved by the commission, the employer shall be discharged from all further liability on account of said injury or death and be entitled to a duly executed release; upon filing which, or other due proof of payment, the liability of such employer under any agreement, award or decree shall be discharged of record, and the employee accepting the lump sum settlement shall receive no further compensation or other benefits on account of said injury or death under this Act.

2. The Director is a member ex officio of the Commission. 39 M.R.S.A. § 91 (Supp.1980–81). The Act now provides that a single member of the Commission may exercise the authority of the Commission subject to exceptions not relevant here. 39 M.R.S.A. § 2(3) (1978). Thus, the Commission may approve all agreements, lump-sum or open-ended, through the act of a single commissioner.

    Before October 1, 1975, the term "Commission" was defined to mean the Commission as a whole. *See* P.L. 1975, ch. 480, § 2, repealing and replacing 39 M.R.S.A. § 2(3). Thus, because approval by the "Commission" has always been required under § 71, lump-sum settlement agreements required approval by the Commission as a whole under former law. In contrast to lump-sum agreements, open-ended agreements were approved by the Director of the Bureau of Labor alone before July 6, 1978. *See* P.L. 1977, ch. 709, § 3.

3. Section 102 now provides as follows:

    Upon the petition of either party at any time the commission may annul any agreement which has been approved by the commission provided it finds that such agreement was entered into through mistake of fact by said petitioner or through fraud. Except in the case of fraud upon his part, an employee shall not be barred by any time limit from filing a proper petition to have the matters covered by such agreement determined in accordance with this Act as though the agreement had not been approved.

distinction that led this Court to hold in *Anania* that lump-sum settlement agreements were not subject to annulment by the Commission for fraud or mistake no longer operates to restrict the authority of the Commission under current law. All compensation agreements, lump-sum or open-ended, are now approved by the Commission.[4]

Hence, on its face, the present language of section 102 authorizes the Commission to annul any agreement that it has approved, in contrast to the former language which merely authorized the Commission to annul agreements approved by the Director of the Bureau of Labor. In view of the occasional harsh consequences, noted in *Anania v. City of Portland, supra*, at 784,[5] of the Commission's former lack of authority to set aside Commission-approved lump-sum agreements for mistake or fraud, we see no compelling reason for construing section 102, as amended effective July 6, 1978, as meaning anything other than what it plainly says.[6]

In *Anania* this Court treated the law in force at the time the petition to annul was filed as controlling with respect to the Commission's authority to review its own rulings. In the present case, when Merrill filed his petition in 1979, section 102 authorized the Commission to annul any agreement approved by the Commission if it finds that the agreement was entered into through mistake of fact by petitioner or through fraud. However, the employer contends that the Commission's authority to annul the lump-sum agreement is controlled by the law existing at the time Merrill was injured. The employer argues that the amended provisions of section 102 should not be applied because, even though the agreement was approved by the Commission and hence comes within the amended provisions of section 102, the employer acquired vested contract rights which may not be thus impaired.[7]

For reasons similar to those set forth in *Dobson v. Quinn Freight Lines, Inc.*, Me., 415 A.2d 814 (1980), we reject the employer's argument that such a construction disregards the presumption favoring prospective application of legislation and impairs vested contract rights. In *Dobson*, this Court considered whether the Commission erred in applying a statute of limitations in effect at the time the employee suffered his original injury to bar his petition for further relief, instead of the more liberal limitation period in effect at the time he brought his petition. The Commission erred, the Court concluded, because the statute in effect at the time the petition was filed did not change the legal consequences of acts or events that had occurred prior to the effective date of the statute but affected only the procedure for enforcement of claims arising from such acts or events. The limitation had been on the

39 M.R.S.A. § 102 (1978).

4. *See* note 2 *supra*.

5. *See also Cayton v. National Sea Products*, Me., 373 A.2d 1229, 1231 (1977).

6. There is little force in the employer's argument that the effect of P.L. 1977, ch. 709, on the authority of the Commission was inadvertent because that statute was merely a "clean-up" measure substituting the Commission for the Director of the Bureau of Labor in various sections of the Workers' Compensation Law. With respect to the Commission's authority to annul for fraud or mistake, the distinction between open-ended and lump-sum agreements rested on a technical difference in the statutory designation of the official or agency approving the agreements. By eliminating that technical difference, the legislative purpose may well have been to terminate distinctions derived

from it. Such a purpose seems at least as likely as one that would clearly run counter to the amended language of section 102.

7. The legislature has no constitutional authority to enact retroactive legislation if its implementation impairs vested rights or imposes liabilities that would result from conduct pre-dating the legislation. *See Coates v. Maine Employment Security Comm'n*, Me., 406 A.2d 94 (1979); *Reggep v. Lunder Shoe Products Co.*, Me., 241 A.2d 802 (1968); *Sabasteanski v. Pagurko*, Me., 232 A.2d 524 (1967); *Miller v. Fallon*, 134 Me. 145, 183 A. 416 (1936); *Bowman v. Geyer*, 127 Me. 351, 143 A. 272 (1928); *Berry v. Clary*, 77 Me. 482, 1 A. 360 (1885); *Coffin v. Rich*, 45 Me. 507 (1858). This same rule prohibits impairment of contractual rights. *City of Augusta v. City of Waterville*, 106 Me. 394, 76 A. 707 (1910).

pursuit of the remedy, not on the creation of the substantive right.

█ Application of the amendment of section 102 to a lump-sum agreement affects only the forum where the validity of such an agreement can be properly challenged on the ground of fraud or mistake. The Superior Court has long had jurisdiction to grant appropriate equitable relief— including annulment of contractual provisions—in cases of fraud or mistake, 14 M.R.S.A. § 6051(4) (1980), and in all other cases "where there is not a plain, adequate and complete remedy at law," 14 M.R.S.A. § 6051(13) (1980). It is true that this Court has never had occasion to rule explicitly that the Superior Court had jurisdiction before July 6, 1978, to hear and determine actions to set aside workers' compensation lump-sum settlement agreements on grounds specified in section 102. However, since the petitioner seeking such relief could formerly obtain no remedy from the Commission and had no "plain, adequate and complete" remedy in any court except a court with equity powers, the conclusion is apparent that the Superior Court formerly had jurisdiction to hear and determine claims under section 102 for annulment of lump-sum agreements. That conclusion is supported by decisions in other states whose commissions have likewise lacked authority to set aside commission-approved lump-sum settlements. *Wills v. St. Paul Fire & Marine Ins. Co.*, 143 Ga.App. 562, 239 S.E.2d 219 (1977); *Gillmore v. Ideal Industries, Inc.*, 74 Ill.App.3d 143, 30 Ill.Dec. 168, 392 N.E.2d 933 (1979); *Whitters & Sons v. Karr*, 180 N.W.2d 444 (Iowa 1970); *Ford v. Barcus*, 261 Iowa 616, 155 N.W.2d 507 (1968); *Solo v. Chrysler Corp.*, 406 Mich. 240, 277 N.W.2d 629 (1979). *See also Hansen's Case*, 350 Mass. 178, 213 N.E.2d 869 (1966).

Thus, the application of current law does not change the legal consequences of the lump-sum settlement agreement executed by the parties and approved by the Commission in 1971. Rather, it authorizes a quasi-judicial body, the Workers' Compensation Commission, to grant a form of relief that was formerly available from the Superior Court. The substantive rights of the parties to the agreement were not affected: certainly neither party had a vested substantive right that the agreement if based on fraud or mistake would be immune from any attack. The Commission erred in holding that it had no authority to annul the lump-sum agreement if it finds that "such agreement was entered into through mistake of fact by . . . petitioner or through fraud." 39 M.R.S.A. § 102 (1978).

Because the Commission found the issue of its authority to annul section 71 lump-sum agreements dispositive, it made no findings of fact or conclusions of law on the merits of the petition. Accordingly, we direct that the case be remanded to the Commission for hearing and determination on the merits.

The entry is:

Appeal sustained.

Pro forma judgment of the Superior Court vacated; Superior Court to remand to the Commission for determination on the merits.

It is further ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

All concurring.