## Krenzalek v. Krenzalek

*Mark T. Wade,* for plaintiff.
*W. Bryan Pizzi, II,* for defendants.

GLADDEN, *J.,* October 7, 1981—Defendants have filed preliminary objections to plaintiff's complaint in equity. These preliminary objections are filed in the nature of a motion to strike and a demurrer to a complaint which asks that a deed conveying certain real estate from one defendant to the other be set aside. The controlling issue involves the application of the Divorce Code of 1980, 23 P.S. §101 et seq. (hereinafter referred to as the code).

The facts are as follows: On January 29, 1968, while Wilma Krenzelak (hereinafter referred to as plaintiff) and Chester Krenzelak (hereinafter referred to as defendant-husband) were husband and wife, Chester became the grantee of a 74 acre tract of land located in Morris Township (hereinafter referred to as the property). In April, 1978, defendant-husband filed for divorce in this court; in April, 1979, plaintiff filed her action in divorce in this court. Defendant-husband conveyed the property on March 25, 1980, to Stanley Krenzelak (hereinafter referred to as defendant-son), his son by a former marriage. The conveyance was made without monetary consideration.

The code went into effect July 1, 1980. Under Section 103 of the code, plaintiff petitioned this

court in January, 1981, to have her existing divorce action governed by the provisions of the new code. The petition was unopposed, and permission was granted to proceed under the code. Plaintiff then amended her original complaint in divorce to ask for equitable distribution and other appropriate relief. Thereafter, in March of 1981, this suit in equity was filed to set aside the conveyance of the property from defendant-husband to defendant-son.

Defendants have filed preliminary objections to the complaint in the form of a demurrer. They argue that plaintiff has failed to state a cause of action upon which relief may be granted for the reasons that title to the property was only in the name of defendant-husband, individually, and never in the name of plaintiff, and, further, that the conveyance was made prior to the effective date of the Divorce Code of 1980. Defendants argue that the code should not be construed retroactively so as to subject the property to the equitable distribution provisions of the code.

Plaintiff, on the other hand, takes the position that since she has elected to proceed under the new code, sections 401(c) and 403(d) will affect the conveyance of the property in question. Section 401(c) defines what property rights of the spouses will be considered as "marital property" and subject to equitable distribution upon termination of the marriage. Section 403(d) provides:

"Any encumbrance or disposition of property to third persons who had notice of the pendency of the matrimonial action, or who paid wholly inadequate consideration for such property, may be deemed fraudulent and declared null and void."

Applying these sections, plaintiff argues that since her pre-code action in divorce was pending when the conveyance was made, and since there was no

apparent monetary consideration paid, the property is, therefore, "marital property" and subject to equitable distribution. We disagree with plaintiff's interpretation of the applicability of the code.

The code provides in section 103 that upon application granted, a party to divorce proceeding may elect to have his suit in divorce governed by the new enactment. If the effect of this election were to make retroactive the provisions of the code to the date of the initial filing of plaintiff's pre-code divorce proceeding, defendants' vested property rights here would be infringed upon and the application of the code would amount to a violation of defendants' due process rights. U.S. Const. amend. XIV, § 1.

Prior to the code, married individuals, either individually or jointly, could purchase and dispose of property as they wished. Even after the enactment of the code, married individuals continue to enjoy all the incidents of property ownership. The code does not change individual property rights. What it does change is the remedy available to each married partner at the time of the filing of a divorce action. Essentially then, what occurs upon filing a divorce action under the new code is that property owned by each party or both parties becomes "marital property". By categorizing property acquired during the marriage as "marital property", the code does not change or alter title to that property, but simply labels what property is available for division. We analogize the application of the concept of "marital property" to the application of the doctrine of "lis pendens," i.e. certain specifically identified property is held in limbo during the course of the proceeding to await the outcome of the litigation. Alienation of property rights is subject to an order of court directing distribution of the property among the parties. We hold that operation of the term "marital proper-

ty" is not triggered until the date on which the divorce action is filed under the new code. Kujawinski v. Kujawinski, 71 Ill. 2d 563, 376 N.E. 2d 1382, 1386 (1978).

Because the code which created the concept of "marital property" did not take effect until July 1, 1980, the concept of "marital property" as a restriction on the alienability of vested property rights did not exist on March 25, 1980, the day defendant-husband tansferred the property to defendant-son. Consequently, defendant-husband was free to transfer all of his interest in the property to whomever he wished on that date.

There are no appellate court cases in Pennsylvania which decide this issue. Counsel have cited in their respective briefs certain cases from other jurisdictions which give us a guidance, but which do not address the specific questions presented here.

In Rothman v. Rothman, 65 N.J. 219, 320 A.2d 496 (1974), Fournier v. Fournier, Me., 376 A.2d 100 (1977), and Kujawinski, the courts dealt with the application of a new divorce code to the distribution of certain property as marital property. In these cases one spouse objected to the inclusion for distribution of property acquired during the marriage and prior to the enactment of the new legislation. It is the position of these complaining parties that the legislation could affect only property acquired during the marriage and after the passage of the new divorce laws. These courts recognized that the new divorce legislation did not affect property rights per se but provided certain remedies vis-a-vis married persons in the process of divorce.

These holdings do not address our problem. Here, unlike the parties in the other jurisdiction, defendant-husband did not own the subject property on the date the code was enacted, nor did he own it on

the date pre-code action was transformed into an action under the code.

If the code provisions were interpreted here to mean that the property validly transferred by defendant-husband during the pendency of the pre-code divorce proceeding was retroactively subject to the restrictions of alienability inherent in the code definition of "marital property", this application of the code would amount to an unconstitutional deprivation of property rights. Not only the rights of defendant-husband, the transferor, but also the rights of defendant-son, the transferee, would be affected unjustly. Applying these provisions of the code retroactively would put a cloud on the title of this real property which suffered the improbable misfortune of being transferred during the pendency of the pre-code divorce proceeding, yet prior to the effective date of the code. Unlike Rothman et al., the application of the code here clearly would not have merely a remedial effect.

In order to avoid this unconstitutional result, we will construe the code to apply to the parties' financial and proprietorial situation as it existed on the day when plaintiff was granted permission to proceed under the code. On that day, defendant-husband had no interest in the subject property; he had successfully conveyed all his rights in the property to defendant-son almost ten months before plaintiff's petition was granted. Therefore, the property is now subject to our equitable jurisdiction.

Defendants' preliminary objections to the complaint will be sustained on the grounds that the Divorce Code of 1980, 23 P.S. §101 et seq., was not in effect on the date of the conveyance in issue and that retroactive application of the code to the conveyance would amount to a deprivation of vested property rights without due process of the law.

## ORDER

And now, this October 7, 1981, the preliminary objections filed on behalf of defendants to plaintiff's complaint in equity are sustained and the action dismissed for the reasons set forth in the attached opinion.