**Lynne M. SOULE**

v.

**STINSON CANNING COMPANY et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 5, 1988.
Decided Feb. 23, 1988.

Edward G. Dardis, Damariscotta, for plaintiff.

Kevin M. Gillis, Richardson & Troubh, Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

On the motion of employee Lynne M. Soule filed on July 29, 1987, the Superior Court on the same day entered ex parte a pro forma decree enforcing the obligation of the employer Stinson Canning Company to pay Soule the workers' compensation benefits ordered by the Workers' Compensation Commission on April 28, 1987. 39 M.R.S.A. § 103-E (Pamph.1987) specifically directs and authorizes the Superior Court to render a pro forma decree in accordance with an order of the commission filed with it by any party in interest. The Superior Court, however, also acting on the employee's ex parte motion, did more than merely incorporate the commissioner's complete order verbatim into a pro forma decree. The court went on in the judgment entered on July 29, 1987, to assess a forfeiture of $25 per day against the employer, retroactive to April 28, 1987, the date of the commission's order. The court conditioned the per diem forfeiture upon the employer's failure to comply within 10 days with the pro forma decree for the payment of workers' compensation benefits.

The employer appeals from the forfeiture part of the Superior Court's judgment, arguing that the court could assess a per diem forfeiture under 39 M.R.S.A. § 104-A(2) (Pamph.1987)[1] only after the employer had notice and an opportunity to be heard. The employer is plainly right.

Assuming that the Superior Court had authority at the time of its judgment to assess per diem forfeitures for nonpayment of workers' compensation benefits,[2] it is

---

1. 39 M.R.S.A. § 104-A(2) at the time of the Superior Court judgment provided in pertinent part:

> 2. **Failure.** ... [I]n the event of failure by the employer or insurance carrier to pay compensation as provided in this section a forfeiture not to exceed $25 for each day of non-compliance shall be assessed against the employer or the insurance carrier.
> (Pamph.1987)

2. P.L.1987, ch. 290, effective Sept. 29, 1987, amended section 104-A(2) to authorize the Workers' Compensation Commission to assess per diem forfeitures for nonpayment of compensation and further to provide that the com-

 

clear that it could not make such an assessment without a hearing. The court had no way of determining the appropriate amount of the forfeiture, which section 104–A said was "not to exceed $25," except by the exercise of judicial discretion. The court had no basis for exercising that discretion until it had heard the parties as to all relevant circumstances.

M.R.Civ.P. 5(a) required the employee to serve her motion for the assessment of a per diem forfeiture upon the employer. M.R.Civ.P. 7(b)(3) then gave the employer the right to "file a memorandum in opposition to the [employee's] motion not later than 7 days prior to the hearing on the motion." Without reaching a consideration of the constitutional requirements of due process, we hold that the Superior Court's ex parte assessment of a forfeiture against the employer in disregard of the applicable rules of procedure was reversible error.

The entry is:

Judgment vacated to the extent it assesses forfeiture of $25 per day against defendants.

All concurring.

mission-ordered forfeiture may be enforced by the Superior Court in a pro forma decree entered under section 103–E. The commission's authority to impose per diem forfeitures under section 104–A is now apparently exclusive, with

the Superior Court involved only in enforcement of those forfeitures through pro forma decrees. *See also* 39 M.R.S.A. § 104–A(2–A), enacted by P.L.1987, ch. 559, § 45, eff. Nov. 20, 1987.