Arthur BEAULIEU

v.

**DIRIGO HOUSING ASSOCIATES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 8, 1994.
Decided Oct. 21, 1994.

Jeffrey L. Cohen, McTeague, Higbee, Libner, Macadam, Case & Watson, Topsham, for plaintiff.

William J. Kelleher, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Dirigo Housing Associates appeals from a judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) directing it to pay its employee, Arthur Beaulieu, workers' compensation benefits and attorney fees, as well as a $200-per-day forfeiture pursuant to 39–A M.R.S.A. § 324 (Supp.1993). Dirigo challenges the imposition of a forfeiture and the lack of any opportunity for it to be heard. Because the court lacked authority to impose the forfeiture, we modify the judgment to delete reference to the forfeiture and, as modified, affirm.

In April 1993 the Workers' Compensation Board awarded Beaulieu benefits for a 75% incapacity. In October 1993 the Board awarded Beaulieu attorney fees and costs of $4,200. Dirigo failed to pay the benefits and fees ordered by the Board. In February 1994, prior to any opportunity for Dirigo to be heard, Beaulieu obtained a pro forma judgment directing Dirigo to pay the benefits and the attorney fees. In addition, the judgment imposed a $200 penalty for each day since October 23, 1993, that Beaulieu had not been paid.

On appeal Dirigo argues that the court was without authority to impose a forfeiture and that in any event it was denied due process by the entry of a judgment against it without adequate notice or opportunity to be heard. We agree with Dirigo's first contention and Beaulieu does not argue otherwise. Section 324(2)(A) authorizes the Board to assess a forfeiture for an employer's failure to pay compensation. We have interpreted the predecessor of section 324, 39 M.R.S.A. § 104–A (1980), *repealed by* P.L. 1991, ch. 885, § A–7 (effective January 1, 1993), as providing the Workers' Compensation Commission with exclusive authority to impose per diem forfeitures. *Soule v. Stinson Canning Co.*, 537 A.2d 1152, 1153 n. 2 (Me.1988). Because the relevant part of the newly enacted section is virtually identical to its predecessor, we conclude that the Board now has exclusive authority to impose a forfeiture under section 324.

The other portions of the judgment for benefits and attorney fees merely adopted pro forma the existing orders of the Board. So long as the pro forma judgment is properly limited and entered in accordance with 39–A M.R.S.A. § 323, the Superior Court's action is purely ministerial. Section 323 does not require notice or an opportunity to be heard. *See Soule*, 537 A.2d at 1152; *Wood v. Cives Constr. Corp.*, 438 A.2d 905, 909 (Me.1981); *Mathews v. R.T. Allen & Sons*, 266 A.2d 240, 243 (Me.1970).

The entry is:

Judgment modified by deleting reference to a forfeiture, and, as modified, affirmed.

All concurring.