**Richard F. JOHNSON**

v.

**KOSTIS FRUIT CO., Inc. and Royal Globe Insurance.**

Supreme Judicial Court of Maine.

Sept. 17, 1971.

Roger Flaherty, Sanford, for plaintiff.

Lawrence P. Mahoney, Portland, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and WERNICK, JJ.

POMEROY, Justice.

This is an appeal from a pro forma Decree of the Superior Court entered in accordance with 39 M.R.S.A. 103, following an appeal from a Decree of the Industrial Accident Commission.

Neither the employer nor the insurance carrier filed a brief in this Court. Neces-

sarily, no oral argument was made on their behalf.

We do not approve of such failure.

The appeal to the Superior Court and thereafter the appeal to this Court, resulted from a Decree of the Industrial Accident Commission on a Petition for Award of Compensation, dated 18 November, 1968.

The Industrial Accident Commissioner ruled adversely to the employee, because, he said in part:

"On the basis of the foregoing, we have no alternative but to dismiss this pending Petition for Award of Compensation inasmuch as this matter had previously been decided by the Industrial Accident Commission and no appeal taken therefrom within the statutory period."

The decision previously rendered, to which the Industrial Accident Commissioner referred, is not made a part of the record in the case before us.

We know the contents of this previously issued Decree only because in his Decree, from which this appeal was taken, the Commissioner recites the following:

"Under date of January 24, 1968 the following decree was issued by the Industrial Accident Commission: 'On February 25, 1966 a power jack which he was operating pushed Richard Johnson into a door which incident he alleges he hit his back and head. He continued to work every day and lost no time from work. He stated his back still pains him. He was hospitalized in August 1966 for 1 week under the care of Dr. Brinkman. Reports of Dr. Carl A. Brinkman of Portland, dated July 5, 1966, August 1, 1966 and June 27, 1967 were admitted by Agreement in lieu of direct medical testimony.

"'In his report of July 5, 1966 Dr. Brinkman recites that the patient was first seen in his office on June 2, 1966 with a complaint of back pain and burning pain in the right side of the body and right arm. On a June 30, 1966 exam the doctor found some questionable hypesthesia but felt there was no evidence of discogenic pain. The burning on the right side of the body was suggestive of functional component. Following hospitalization because of the vagueness of findings the patient was discharged. The doctor also suspected some systemic viral process.

"'After a consideration of all the evidence with the special regard for the medical evidence it would appear that the complaints of the claimant are on a functional basis.

"'The Workmen's Compensation Law requires of a claimant the necessity of establishing injury by accident, arising out of and in the course of employment. Though something may have occurred to Mr. Johnson on February 25, 1966 we are unable to find as a fact that he was accidentally injured and we must therefore dismiss this pending Petition for Award of Compensation.'"

The Petitioner argues in his brief as he argued before the Commissioner, that subsequent to the denial of the Petition for Award of Compensation by the Commissioner and after the appeal period had expired, during which no appeal was taken, the employee, at his own expense and on his own initiative, was examined at the Lahey Clinic in Boston, Massachusetts; that following this examination he underwent a hemilaminectomy at L5, and that this disclosed a degenerative intervertebral disc disease L5 interspace with associated hypertrophic spondylosis, vertebral margins, L5–S1.

This, the Petitioner says, constitutes newly discovered evidence establishing that the Decree of January 24, 1968, was error.[1]

■ The Commissioner correctly determined that the Commission is without jurisdiction to hold a rehearing on the merits of a case on the ground of newly discovered evidence after the expiration of the time within which an appeal may be taken from the final Decree of the Commission.

■ As the Court pointed out in Conners' Case, 121 Me. 37, 115 A. 520, the Industrial Accident Commission is not a court of general, or even of limited, common law jurisdiction, but an administrative tribunal specially created by the Legislature to administer the Workmen's Compensation Act.

"As such administrative arm of the Legislature it possesses only such jurisdiction, powers and authority as are conferred upon it by express legislative grant or such as arise therefrom by implication as necessary and incidental to the full and complete exercise of the powers granted. (citations omitted) * * * It has a procedure all its own and it borrows nothing by implication from the courts of common law.

"No power of reopening or rehearing a case upon its merits, in which a decree has been entered, and of determining anew the liability or nonliability of the employer is granted by the statute. That decree, in the absence of fraud, is declared to be final upon all questions of fact." 121 Me. 37 at 40, 115 A. 520 at 521.

To the same effect, see Comer's Case (Comer v. Standard Oil Co.), 131 Me. 386, 163 A. 269; Shoemaker's Case, 142 Me. 321, 51 A.2d 484; Kennie v. City of Westbrook, Me., 254 A.2d 39.

We repeat what was said earlier in *Conners' Case,* supra:

"Our attention has been called to no authorities holding that the power of rehearing is vested in the Commission except in those States where the authority is expressly conferred by statute."[2]

The Commissioner has also denied the Petitioner's request for counsel fees and his petition to fix the amount to be allowed for medical, surgical and hospital services. Of this denial, the Petitioner complains in this Court in this appeal.

■ Because the Commission was without jurisdiction to rehear the Petition for Award of Compensation, it follows neither counsel fees nor medical expenses could be allowed.

The entry must be,

Appeal denied.

---

1. It is noted that Exhibit "A" contained in the record, though not received in evidence before the Commissioner, purports to contain a written statement by the operating surgeon. In this statement he says:
"Insofar as my knowledge of the history of his illness is concerned, I feel it is reasonable to conclude that his symptoms began as the result of an intervertebral disc injury initially sustained *when crates of produce fell upon him and produced extension injury to his back.*" (Emphasis supplied)

2. We recognize injustice might sometimes result because the Legislature has not granted the Commission power to rehear on grounds of newly discovered evidence. Likewise, it might seem unfair to deny attorneys' fees to an employee who seeks, in good faith, to test whether such jurisdiction exists and does not prevail. However, the remedy in each of these instances is a matter for legislative consideration and action.