### Lewis WOOD

v.

### CIVES CONSTRUCTION CORPORATION.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1981.

Decided Dec. 31, 1981.

Vafiades, Brountas & Kominsky, Eugene C. Coughlin (orally), Charles E. Gilbert, III, Bangor, for plaintiff.

Mitchell & Stearns, Kevin M. Cuddy (orally), Bangor, for defendant.

Before McKUSICK, C. J., ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

By decision dated February 5, 1981, re-affirmed on April 21, 1981, the Workers' Compensation Commission awarded Lewis Wood compensation for total disability for two periods in 1980 following an injury Wood suffered on June 20 of that year while employed by Cives Construction Corporation. Viewing the employee's disabling condition as related to the accident of June 20 to be of a temporary nature only, the Commission denied compensation for continuing disability. The Superior Court, Washington County, reflected the Commission's decision in its pro-forma decree and Wood appeals to the Law Court from the

Superior Court judgment on the ground that the evidence did not support the Commissioner's finding that Wood's work-related injury resulted in no continuing disability. Six weeks after filing notice of appeal, Wood filed a motion with the Law Court seeking a remand of the case to the Superior Court with instructions to remand to the Commission for reconsideration in light of newly discovered evidence. We ordered that the merits of the appeal and the motion be briefed and argued together. We now deny both.

Wood, who had no prior history of back problems, twisted his back at work on June 20, 1980. Thereafter he had pain in the low back and left leg. He was out of work for five days. He returned to his employment and worked through the month of July; then, he left again and has not worked since. He filed his petition for compensation on August 12, 1980.

Wood's doctor referred him to a Dr. Pritchard, who examined him on August 12 and again on November 18, 1980, and testified before the Commissioner on January 5, 1981. At the employer's request, Wood was examined by a Dr. McGinn on October 27, 1980. Dr. McGinn testified before the Commissioner on January 7, 1981.

Both doctors were of opinion that Wood was suffering from degenerative arthritic disc disease, a condition consistent with his being a 42 year old man who had done heavy labor for an extended period, and that the work-related incident of June 20, 1980, only temporarily aggravated the underlying condition, but did not anatomically alter it. The doctors testified that such occurrences would continue to befall the petitioner and would become more frequent as Wood grew older, if he continued to do heavy work. Both medical men, therefore, recommended that Wood do light to moderate work, a recommendation which would have been in order even before the incident of June 20.

Wood testified on January 8, 1981, that as of that date he was still suffering symptoms, particularly pain on bending over to load wood into his stove.

The doctors stressed that their diagnosis was tentative. There was a possibility that Wood ruptured a disc on June 20. This possibility would be confirmed or eliminated by a myelogram, an enhanced x-ray procedure involving the injection of a substance into the patient's spine. Dr. Pritchard scheduled a myelogram for August 20, 1980, but Wood cancelled this appointment because of a close friend's death. Dr. McGinn scheduled a myelogram, but the employee cancelled this appointment also. Wood expected to have a myelogram performed on the date of his second appointment with Dr. Pritchard, November 18, 1980. This myelogram also was never performed, apparently because at the time of the appointment the employee's symptoms had gone away. Dr. Pritchard recommended that a myelogram be considered if the left leg symptoms recurred.

The Commissioner rendered his decision on February 5, 1981. In his order of that date, he adopted the theory of both doctors that Wood suffered not from a ruptured disc but from a degenerative arthritic disc condition that was aggravated only temporarily by the work-related incident of June 20, 1980. The Commissioner accordingly ordered compensation for only those periods during which Wood was out of work while suffering from aggravated symptoms caused by the work-related injury: the week immediately following the injury and the period from July 28, 1980 until November 18, 1980, when the symptoms had subsided. After the employee's motion for findings of fact and conclusions of law, the Commissioner reiterated his earlier conclusions on April 21, 1981.

Wood eventually had his myelogram on May 27, 1981. It indicated a suspected lateral herniated disc on the left side. At that time, the case was on appeal to the Law Court.

## THE MOTION

As stated previously, the employee moves this Court to remand the case for reconsideration in light of the May 27 myelogram

results. The employee argues that the Rules of Civil Procedure are applicable, because 39 M.R.S.A. § 103 in effect at the time provides that the Superior Court's pro forma decree

> shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in an action in which equitable relief is sought, duly heard and determined by said court .... [1]

He concludes therefrom that, since the Superior Court's pro forma judgment is statutorily given the same effect as a judgment of the court sitting in equity, it necessarily follows that a party aggrieved by such judgment may, pursuant to Rule 60(b)(2), M.R.Civ.P., obtain relief from it by motion to this Court on the basis of newly discovered evidence (here, the myelogram results of May 27, 1980, which, the petitioner claims, could not have been discovered by due diligence in time to move for a new trial under Rule 59(b)).

Cognizant of the fact Rule 60(b) contemplates that the relief-from-judgment process, whether by motion or plenary action, must be pursued in the trial court, *i.e.*, in the Superior Court, and not in the Law Court, the petitioner, in an effort to overcome that hurdle, would superimpose a broad power in the Law Court to grant an application for an order as prayed for or for other relief by motion pursuant to Rule 75B(a), M.R.Civ.P.[2] The petitioner may take comfort from the statement in the Second Edition of the Maine Civil Practice, 1981 Supplement, Harvey, McGuire and Wroth, at page 517, § 75B.1 of the Commentary to Rule 75B(a):

The inherent power of the Law Court, entirely apart from its power to make procedural orders, is substantial.

Yet, Rule 75B(a) must not be interpreted so broadly as to nullify the statutory strictures which the Legislature has imposed upon the appellate mechanism established for judicial review of decisions of the Workers' Compensation Commission.

■ First, the Workers' Compensation Commission does not itself have authority to grant the relief that this motion seeks. At the time this case was before the Commission, no statute authorized the Commission to reopen cases for consideration of new evidence.[3] We have repeatedly stated that the Commission has no powers beyond those expressly granted to it by the Legislature, or such as emerge therefrom by implication as necessary and incidental to the full exercise of the powers explicitly granted. *See Toomey v. City of Portland*, Me., 396 A.2d 1029, 1032 (1979); *Anania v. City of Portland*, Me., 394 A.2d 782, 784 (1978); *Cayton v. National Sea Products*, Me., 373 A.2d 1229, 1230 (1977); *Levesque v. Levesque*, Me., 363 A.2d 951, 953 (1976). On the specific point involved in this case, we have explicitly held that the Commission may not reopen cases for consideration of new evidence. *Johnson v. Kostis Fruit Co.*, Me., 281 A.2d 318 (1971); *Conners' Case*, 121 Me. 37, 43–44, 115 A. 520 (1921); *see Anania v. City of Portland, supra* at 784. The reasoning of *Conners' Case*, adopted in *Anania*, is that the legislative desire for speedy and summary disposition of workers' compensation cases would be defeated, if these cases could be reopened on their merits. Frustration of the legislative objective would similarly result, were rehearings on

---

1. Section 103 has been repealed and replaced by sections 103–A, 103–B, and 103–C, but the change is not pertinent to the instant case. See Public Laws, 1981, c. 514, §§ 5 and 6.

2. Rule 75B(a) provides in pertinent part:

   (a) *Procedure on Motions.* Unless another form is prescribed by these rules, an application to the Law Court for an order or other relief shall be by motion, which shall be in writing, shall state with particularity the grounds therefor and shall set forth the order or relief sought.

3. The Legislature has since enacted 39 M.R.S.A. § 99–C, (Supp.1981) providing that a workers' compensation case may be reopened within 30 days of an award or decree upon the grounds of newly discovered evidence that could not have been discovered by due diligence prior to hearing. Because of the 30-day limit, section 99–C would not have helped this employee, even if applicable and in effect at the time of the Commissioner's second decree.

newly discovered evidence available on motion addressed to the Law Court.

■ Secondly, as in the case of the Workers' Compensation Commission, this Court and the Superior Court, when passing on workers' compensation appeals, have only those powers granted by statute. The rule of the courts is quite limited.

Under 39 M.R.S.A. § 103, the Superior Court enters a pro forma decree, which converts the Commission's decree into a judicially enforceable judgment. The Superior Court does not pass on the merits of the case; entry of the pro forma decree is a ministerial act which the Superior Court has no choice but to perform. Indeed the statute explicitly says that the Justice of the Superior Court shall render a pro forma decree *in accordance therewith, i.e.* in accordance with the order or decision of the Commission or of any Commissioner, or of any memorandum of agreement approved by the Commission. *See Amberg v. Deaton,* 223 Wis. 653, 271 N.W. 396 (1937). The Superior Court's only power of modification is that granted by 39 M.R.S.A. § 104: the court shall revoke or modify a pro forma decree to conform it to subsequent action of the Commission.

■ The power granted the Law Court under the reference section 103 is also limited: it may modify or reverse the pro forma decree reflecting the decision of the Commission *only if* the pro forma decree is based upon "an erroneous ruling or finding of law by the Commission." It is only when the Commissioner is in error as to the law which controls his decision that the Law Court as the reviewing court may substitute its understanding of the law for that of the Commissioner. *Beaulieu v. Francis Bernard, Inc.,* Me., 393 A.2d 163, 165–66 (1978). Here, the failure of the Commissioner to consider evidence not yet produced by the employee was not error and is not claimed to be such; it is therefore not within the statutorily authorized range of review. The Law Court may not consider on appeal a matter outside the scope of the issues decided by the Commissioner. *Gorrie v. Elliott Jordan & Son, Inc.,* Me., 408 A.2d

1008, 1011 (1979). *See also Globe Air, Inc. v. Thurston,* Me., 438 A.2d 884 (1981).

The employee's reliance on the statute's reference to equitable actions is misplaced. The pro forma decree is no more than an instrument for converting the Commission's decision into a judgment that can be appealed from and judicially enforced. *Wilcox v. Stauffer Chemical Corp.,* Me., 423 A.2d 241, 243 (1980); *Matthews v. R. T. Allen & Sons, Inc.,* Me., 266 A.2d 240, 242 (1970).

■ The statutory appeal mechanism, formulated by the Legislature in providing review by the Law Court of Workers' Compensation Commission decisions, requiring, as it does, the entry of a pro forma decree made explicitly the equivalent of a judgment rendered by a court of equity, but necessarily reflecting the decision of the Commission (39 M.R.S.A. § 103), does not invest the Law Court in its role of appellate reviewing court with that plenary power which a court of general equity jurisdiction would exercise if the case were before it at the original trial level. The appeal is on a limited basis, the Law Court being authorized to reverse or modify the pro forma judgment only if it finds error of law on the part of the Commission. Once error of law is found, then the Law Court may proceed to bring to bear its broad powers as stated in *Beaulieu v. Francis Bernard, Inc., supra,* to grant appropriate relief to correct the Commission error.

■ We must conclude that the Law Court has no authority to grant the petitioner's motion for an order of remand of the case for the purpose of a new hearing based on alleged newly discovered evidence and, accordingly, we must deny the same without reaching the substantive issue, whether the employee used due diligence in failing to have the myelogram performed during the six months during which his case was before the Commission.

### THE APPEAL

■ The employee argues that the evidence before the Commissioner did not sup-

port his decision to award compensation only until November 18, 1980.

A brief recitation of the Commissioner's findings follows. The June 20 injury aggravated a pre-existing degenerative condition only temporarily. By November 18, when Dr. Pritchard examined Wood and found no symptoms, the condition had reverted to its previous dormant state, subject to further flare-ups. Although both doctors recommended that the employee not do heavy work, this recommendation was on the basis of the assumed underlying condition, not the June 20 injury.

As this theory of Wood's condition was substantially that suggested by both doctors, it was reasonable for the Commissioner to adopt it. It was proper on the record evidence for the Commissioner to find that Wood did not suffer a permanent injury from the work-related incident of June 20, 1980. *See Hamm v. University of Maine*, Me., 423 A.2d 548 (1980). The employer was liable only for the disability to which the June 20 incident contributed. When the effects of the injury wore off, the employer's liability ended.

True, Wood's testimony of January 8, 1981, that he still suffered pain even though he was not working, may be more consistent with a ruptured disc than subsequently the myelogram possibly revealed. Absent such evidence in the case before him, however, the Commissioner could reasonably conclude, in accordance with the unanimous medical opinions given, that, after November 18, 1980, when the pain symptoms caused by the aggravation of the basic degenerative arthritic condition of Wood's back by reason of his work-related injury of June 20, 1980, had disappeared, the condition of Wood's back was no different from what it was prior to the work-related incident of June 20, 1980.

The employee had the burden of proving that his present symptomatic impaired condition, if any, was caused or at least made worse, by reason of the June 20 work-related incident, and was not merely the result of his pre-existing degenerative disc disease condition. *See Hamm v. University of*

*Maine*, Me., 423 A.2d 548 (1980). The Commissioner's view of Wood's latest stated symptoms could reasonably be found to be minimal, resulting as they did, so Wood testified, from little chores performed around the home such as lifting things and especially wood to put in the family stove. This apparent conflict in the testimony is for the Commissioner to weigh and evaluate to a conclusion. *Bradbury v. General Foods Corp.*, Me., 218 A.2d 673 (1966). As we stated in *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 517 (1980), our appellate review of workers' compensation cases does not mean a "trial de novo" of the case, but such review over Commission fact finding is narrow. If the Commissioner's conclusions are supported by competent evidence, and in this case they are, we must give deference to them and affirm.

The entry will be:

Wood's motion to remand denied.

Wood's appeal denied.

Pro forma judgment affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.