GUARANTY FUND MANAGEMENT
SERVICES, et al.

v.

WORKERS' COMPENSATION
BOARD, et al.

Michael CAIAZZO

v.

WRIGHT EXPRESS, et al.

Mary COYNE

v.

KATAHDIN NURSING HOME, et al.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1996.
Decided June 19, 1996.

Jane E. Skelton (orally), Rudman & Winchell, Bangor, for Guaranty Fund Management Services.

Robert C. Brooks (orally), William S. Wilson, Jr., Verrill & Dana, Portland, for Hanover and Wright Express.

John A. Woodcock, Jr. (orally), Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for Katahdin Nursing Home and Commercial Union.

Julia Finn (orally), Gerard Poissonnier, Workers' Compensation Board, Augusta.

Donald M. Kreis (orally), Donald F. Fontaine, Fontaine & Beal, P.A., Portland, for Mary Coyne.

Kevin M. Cuddy (orally), Cuddy & Lanham, Bangor, for Gilman Langille.

Michael Caiazzo, pro se, did not appear.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and LIPEZ, JJ.

LIPEZ, Justice.

The employers appeal from a decision of the Superior Court (Kennebec County, *Alexander, J.*) dismissing their petitions for judicial review.[1] Those petitions challenged three separate forfeiture decisions of the Abuse Investigation Unit acting pursuant to the delegated authority from the Workers' Compensation Board. 5 M.R.S.A. § 11001(1) (1989). The employers bring an appeal as of right from the Superior Court decision. The Abuse Unit reissued the forfeiture decisions against the employers following the Superior Court dismissal, and we granted petitions for appellate review arising from two of those decisions. For purposes of this appeal, we have consolidated the two petitions for appellate review with the employers' appeals as of right from the Superior Court decision. Agreeing with the Superior Court that it had no jurisdiction to review an Abuse Unit forfeiture decision, we affirm the court's decision. We also conclude that the subsequent forfeiture decisions rendered by the Abuse Unit on remand from the Superior Court were ineffective to revive the employers' right to seek appellate review.

I.

This appeal arises from the workers' compensation claims of three employees: (1) Michael Caiazzo, who suffered a work-related injury on February 5, 1993 while employed by Wright Express; (2) Mary Coyne, whose work-related injury occurred on October 15, 1988, while employed by Katahdin Nursing Home; and (3) Gilman Langille, who suffered a June 21, 1988 work-injury while employed by Robin Crawford. The employees each filed petitions for forfeiture against their employers for untimely payment of benefits. 39-A M.R.S.A. § 324(2) (Supp.1995); 39 M.R.S.A. § 104-A(2-A) (1989), *repealed by* P.L.1991, ch. 885, § A-7. In each case, the Abuse Unit, acting pursuant to a delegation of authority from the Board, issued decisions assessing penalties against the employers and stating that the decisions were "FINAL AGENCY ACTION."

---

1. The Superior Court consolidated three cases arising from forfeiture decisions of the Workers' Compensation Board Abuse Investigation Unit. The lead case, *Guaranty Fund Mgt. Servs. and Maine Ins. Guar. Assoc. v. Workers' Compensation Bd.*, CV-94-232, arose from an Abuse Unit decision, dated May 18, 1994, in the case of *Gilman Langille v. Robin Crawford and Maine Ins. Guar. Assoc./Helmsman Mgt. Servs.* This action was consolidated with *Hanover of Maine v. Workers' Compensation Bd.*, CV-94-340, arising from the Abuse Unit decision *Michael Caiazzo v. Wright Express and Hanover of Maine*, dated August 3, 1994. The third consolidated Superior Court case, *Commercial Union Ins. Co. v. Workers' Compensation Bd.*, CV-94-400, arose from an Abuse Unit forfeiture decision in the case of *Mary Coyne v. Katahdin Nursing Home and Commercial Union Ins. Co.*, dated August 31, 1994.

The employers filed separate petitions for judicial review of final agency action in the Superior Court challenging the decisions. 5 M.R.S.A. § 11001(1) (1989); M.R.Civ.P. 80C. After consolidating the cases, the court dismissed the petitions, concluding that it lacked jurisdiction to review forfeiture decisions of the Abuse Unit. The cases were remanded to the Board without instructions, and the Abuse Unit issued subsequent decisions on remand in each of the cases that were virtually identical to the prior decisions except that they extended the date that payment was due. In addition to the appeals as of right from the court's decision brought by the three employers, we granted Wright Express and Katahdin's petitions for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1995) from the Abuse Unit decisions issued after remand.

## II.

■ We first address the employers' appeal from the decision of the Superior Court dismissing the petitions for judicial review and concluding that it lacked jurisdiction to review forfeiture decisions made by the Abuse Unit pursuant to 39–A M.R.S.A. § 324. Section 324 provides, in pertinent part:

1. **Order or decision.** The employer or insurance carrier shall make compensation payments within 10 days after the receipt of notice of an approved agreement for payment of compensation or within 10 days after any order or decision of the board awarding compensation. . . .

2. **Failure to pay within time limits.** An employer or insurance carrier who fails to pay compensation, as provided in this section, is penalized as follows.

A. Except as otherwise provided in section 205, if an employer or insurance carrier fails to pay compensation as provided in this section, the board shall assess against the employer or insurance

carrier a forfeiture of up to $200 for each day of noncompliance. If the board finds that the employer or insurance carrier was prevented from complying with this section because of circumstances beyond its control, no forfeiture may be assessed.

. . . .

(3) Forfeitures assessed under this subsection may be enforced by the Superior Court in the same manner as provided in section 323.

39–A M.R.S.A. § 324 (Supp.1995).

The employers contend that section 324 is silent regarding the right of appeal from forfeiture decisions, and therefore an appeal may be taken to the Superior Court pursuant to the Maine Administrative Procedures Act, 5 M.R.S.A. § 11001(1).[2] The Board joins the employers in the argument that, because the Act provides no procedure for appealing decisions of the Abuse Unit to the Law Court, section 324 must be interpreted as providing a right of appeal to the Superior Court. Pursuant to section 322, a party may initiate a petition for appellate review by presenting to the Clerk of the Law Court "a copy of the decision of a hearing officer or a decision of the board, if the board has reviewed a decision pursuant to section 320. . . ." 39–A M.R.S.A. § 322(1). The Board contends that because it delegated forfeiture authority to the Abuse Unit, forfeiture decisions are neither decisions of a hearing officer or of the Board *pursuant to section 320* (providing for a review of a hearing officer's decision by the Board), and therefore there is no express grant of authority to the Law Court to review those decisions. The employers contend further that, because a separate penalty provision in the Act, section 360, provides for direct review of penalty decisions in the Superior Court, we must infer a legislative in-

**2.** Section 11001(1) provides, in pertinent part, that "(e)xcept where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter." 5 M.R.S.A. § 11001(1) (1989).

tent to allow direct Superior Court review of forfeiture decisions pursuant to section 324.[3]

■ Because we conclude that the Act provides for discretionary appellate review in the Law Court from Abuse Unit forfeiture decisions, we do not agree that there is a "void" in the Act with respect to appellate review requiring recourse to the Administrative Procedures Act. In construing a statute, we consider not only the plain language but "the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Parker v. Bath Iron Works Corp.*, 644 A.2d 1037, 1039 (Me.1994) (quoting *Davis v. Scott Paper Co.*, 507 A.2d 581, 583 (Me.1986)). Although section 322 does not expressly provide for Law Court review of Abuse Unit decisions, section 323, governing the Superior Court's enforcement authority, expressly provides that "[a]ppeals from a board decision, order or agreement must be in accordance with section 322." 39–A M.R.S.A. § 323. Because the Abuse Unit was acting pursuant to the delegation of authority from the Board, the forfeiture orders were tantamount to decisions of the Board, and therefore reviewable only by the Law Court. 39–A M.R.S.A. §§ 322, 323.

The Superior Court's role in workers' compensation proceedings has traditionally been restricted to the ministerial duty of entering pro forma decrees to enforce decisions of the

Commission or Board. 39–A M.R.S.A. § 323 (Supp.1995); 39 M.R.S.A. § 103–E (1989), *repealed by* P.L.1991, ch. 885, § A–7; *Banker v. Bath Iron Works Corp.*, 507 A.2d 602, 604 (Me.1986). We have held that, as was the case under its predecessor statute, 39 M.R.S.A. § 104–A, "the Board ... has exclusive authority to impose a forfeiture under section 324." 39 M.R.S.A. § 104–A(2–A) (1989), *repealed by* P.L.1991, ch. 885, § A–7; *Beaulieu v. Dirigo Housing Assocs.*, 648 A.2d 968, 969 (Me.1994). The only reference to the Superior Court that appears in section 324 is the proviso that forfeitures "may be enforced by the Superior Court *in the same manner as provided in subsection 323.*" 39–A M.R.S.A. § 324(2)(A)(3) (emphasis added). As discussed above, 39–A M.R.S.A. § 323, like its predecessor, 39 M.R.S.A. § 103–E, provides limited enforcement authority in the Superior Court and stipulates that "[a]ppeals from a board decision, order or agreement must be in accordance with section 322 [governing appeals to the Law Court]." 39–A M.R.S.A. § 323 (Supp.1995); 39 M.R.S.A. § 103–E (1989), *repealed by* P.L.1991, ch. 885, § A–7.

Pursuant to former title 39, forfeiture orders were made by commissioners. W.C.C. Rule 18.3(C) (1989). Those decisions could then be appealed to the former Workers' Compensation Commission Appellate Division, thereby triggering the right to file a petition for appellate review with the Law Court.[4] We find nothing in the statutory

---

3. Section 360 provides, in pertinent part:

§ 360. Penalties
1. **Reporting violations.** The board may assess a civil penalty not to exceed $100 for each violation on any person:
A. Who fails to file or complete any report or form required by this Act or rules adopted under this Act; or
B. Who fails to file or complete such a report or form within the time limits specified in this Act or rules adopted under this Act.
2. **General authority.** The board may assess, after hearing, a civil penalty in an amount not to exceed $1,000 for an individual and $10,000 for a corporation, partnership or other legal entity for any willful violation of this Act or intentional misrepresentation. The board may also require that person to repay any compensation received through a violation of this Act, fraud or intentional misrepresentation....

3. **Appeal.** *Imposition of a penalty under this section is deemed to be final agency action subject to appeal to the Superior Court, as provided in Title 5, chapter 375, subchapter VII [5 M.R.S.A. § 11001, et seq.]. Notwithstanding Title 5, section 11004,* execution of a penalty under this section is stayed during the pendency of any appeal under this subsection. 39–A M.R.S.A. § 360 (Supp.1995) (emphasis added).

4. 39 M.R.S.A. §§ 103–B, 103–C (1989), *repealed by* P.L.1991, ch. 885, § A–7. Former section 103–C, governing appeals to the Law Court, allowed petitions for appellate review from decisions of the former Workers' Compensation Appellate Division. 39 M.R.S.A. § 103–C.

In 1991, former subsection 104–A was amended to grant authority to the Superintendent of Insurance to assess forfeitures. P.L.1991, ch. 615, A–47 (effective October 17, 1991), *codified as* 39 M.R.S.A. § 104–A(2–A) (Supp.1992). Because this transfer of authority from the Com-

language or in the legislative history of title 39–A to suggest that the Legislature intended to significantly alter the appellate procedure for forfeitures that existed under the prior Act. To provide for an automatic appeal of forfeiture decisions in the Superior Court, followed by an appeal as of right to the Law Court, would accord an enhanced right of judicial review not afforded to other workers' compensation litigants. We do not presume that the Legislature intended to provide an extra layer of appellate review in forfeiture proceedings that are designed primarily to encourage the prompt and timely payment of benefits. *Pomerleau v. United Parcel Serv.*, 455 A.2d 950, 953–54 (Me.1983). Such a result would be inconsistent with the enactment of title 39–A and its goal of reducing time-consuming and costly litigation. *Mathieu v. Bath Iron Works*, 667 A.2d 862, 865 (Me.1995).

■ Although the Board's interpretation of the Act is entitled to deference, *Curtis v. National Sea Prods.*, 657 A.2d 320, 322 (Me. 1995), the mechanism for appellate review of Board decisions is expressly provided by statute and may not be altered by Board rule or interpretation. *Pomerleau v. United Parcel Serv.*, 464 A.2d 206, 209 (Me.1983). Nor are we persuaded that the Legislature intended workers' compensation appellate procedure to hinge on the fortuity of whether the Board delegates the authority to assess a forfeiture to a hearing officer or to some other individual or entity. It is implicit in the statutory scheme that the Legislature intended parties aggrieved by forfeiture decisions arising under title 39–A to follow the same course for appellate review as provided under former title 39—to petition for appellate review with the Law Court pursuant to section 322.

We also do not agree that the grant of authority to the Superior Court to review penalty decisions pursuant to section 360 necessarily implies a similar grant of authority pursuant to section 324. By its plain language, subsection 360(3) only allows an appeal to the Superior Court in cases arising *"under this section."* 39–A M.R.S.A. § 360(3) (emphasis added). No other provi-

sion in the Act expressly grants authority to the Superior Court to review penalty or forfeiture decisions of the Board. *See e.g.*, 39–A M.R.S.A. §§ 313(4), (5), 353, 359(2). Given the history of limited Superior Court participation in workers' compensation proceedings, and the twin legislative objectives of reducing time-consuming litigation and encouraging prompt payment of benefits, we are not persuaded that the Legislature intended to provide direct Superior Court review of forfeiture decisions arising pursuant to section 324.

### III.

■ We next address the petitions for appellate review brought by Wright Express and Katahdin challenging the Abuse Unit's decisions following the decision of the Superior Court dismissing their petitions for judicial review. To the extent that the employers seek to challenge the original Abuse Unit decisions, those challenges must fail. The employers chose not to file petitions for appellate review from those decisions, and instead challenged the decisions in Superior Court. We have held that the "[t]ime requirements for the taking of an appeal are mandatory" and failure to file a timely appeal will result in dismissal. *Remick v. Erin, Inc.*, 414 A.2d 896, 897 (Me.1980). Because the employers failed to preserve their right to petition for appellate review from the original decisions, we cannot review those decisions. 39–A M.R.S.A. § 322.

■ We also conclude that, notwithstanding the fact that the employers brought their petitions for appellate review from the subsequent Abuse Unit decisions within the statutory time frame specified in 39–A M.R.S.A. § 322, those petitions do not suffice to permit review of the merits of the Abuse Unit decisions. The issues raised in the employers' petitions for appellate review concern whether the Board improperly delegated authority to the Abuse Unit to issue forfeiture decisions and whether the unit's procedure complied with due process. Those identical issues were also improperly raised before the Superior Court with regard to the original

---

mission to the Superintendent of Insurance was effective only for injuries occurring between October 17, 1991, P.L.1991, ch. 615, D–26, and

January 1, 1993, P.L.1991, ch. 885, § A–7, this amended procedure does not apply to the facts of any case in this consolidated appeal.

Abuse Unit decisions. The employers raise no new issues addressed specifically to the Abuse Unit decisions after remand from the Superior Court. The Abuse Unit did not substantially alter its previous forfeiture decisions after remand except to extend the date that forfeiture payments were due.

As we have previously held, "the rights of a party under the Workers' Compensation Act are purely statutory," *Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 362 (Me.1994) (quoting *Lavoie v. International Paper Co.*, 403 A.2d 1186, 1191 (Me.1979)), and the Board "has no powers beyond those expressly granted to it by the Legislature, or such as emerge therefrom by implication as necessary and incidental to the full exercise of the powers explicitly granted." *Wood v. Cives Constr. Corp.*, 438 A.2d 905, 908 (Me. 1981). Absent specific statutory authority,[5] the Board may not reopen or amend a final decision. *Wood*, 438 A.2d at 908; *Anania v. City of Portland*, 394 A.2d 782, 784–85 (Me. 1978); *Johnson v. Kostis Fruit Co.*, 281 A.2d 318, 320 (Me.1971). Such a rule ensures finality of workers' compensation decisions and effectuates "the legislative desire for speedy and summary disposition of workers' compensation cases." *Wood*, 438 A.2d at 908; *Anania*, 394 A.2d at 784–85. The Abuse Unit had no authority to change its original orders, extend the date that the penalty was to be paid, or provide a second opportunity for the employers to petition the Law Court for appellate review. *See Warren v. Baxter*, 645 A.2d 13, 14–15 (Me.1994) (Superior Court has no authority to act on a motion for enlargement of time filed 106 days after the final judgment).

Accordingly, we decline to review on their merits the Abuse Unit decisions. Although the Abuse Unit lacked authority to issue the subsequent forfeiture decisions, the employees did not challenge by cross-appeal the extension of time within which the forfeitures were to be paid. Having gone unchallenged by the employees, those forfeiture decisions remain valid. We therefore affirm the forfei-

ture decisions rendered on remand from the Superior Court.

The entry is:

Judgment of the Superior Court affirmed. Decisions of the Abuse Unit affirmed.

All concurring.

---

5. *See e.g.*, 39–A M.R.S.A. §§ 319 (petition for reopening available within thirty days of a payment scheme, award or decree on the grounds of newly discovered evidence), 321(2) (petition for reopening available in cases of fraud).