1997 ME 147

Steven DUNPHE

v.

Thomas O'CONNOR

and

American International Insurance Co.

and

NPS Energy Services

and

Continental Loss Adjusting Co.

Supreme Judicial Court of Maine.

Argued April 9, 1997.
Decided July 11, 1997.

then argue that RMR had breached the agreement existing between the parties.

James J. MacAdam, Mary Gay Kennedy (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for Employee.

Keith A. Powers, Carl W. Tourigny, Nelson J. Larkins (orally), Preti, Flaherty, Beliveau & Pachios, Portland, (for T. O'Connor & American Int'l), Thomas R. Kelly (orally), Thomas Quartararo, Robinson, Kriger & McCallum, Portland, (for NPS & Continental) for Employers.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] The employers, Thomas O'Connor and NPS Energy Services, appeal from a decision of the Workers' Compensation Board granting a request from NPS to clarify a prior decision. We conclude that the Board acted beyond its authority and exceeded the permissible bounds of "clarification." Accordingly, we vacate the decision.

[¶ 2] The employee, Stephen Dunphe, suffered a work-related injury in 1984 while employed by O'Connor, and a second work-injury in 1988 while employed by NPS. The law in effect at the time of his 1984 injury provided an annual adjustment for inflation or deflation with regard to partial incapacity benefits. 39 M.R.S.A. § 55 (Supp.1984), *repealed by* P.L.1987, ch. 559, §§ B, 29. In 1988, at the time of the second injury, the law provided no adjustment for inflation or deflation. P.L.1987, ch. 559, §§ B, 30, *repealed by Maine Workers' Compensation Act of 1992,* P.L.1991, ch.885, § A–7. In 1993 and 1994 Dunphe and NPS filed petitions for review with the Board and NPS filed a petition for restoration seeking reimbursement from O'Connor. The Board granted the petitions on February 15, 1995 and apportioned liability for Dunphe's ongoing incapacity between the two dates of injury. In the same decree, the Board stated: "No cost of living adjustments are payable pursuant to *McDonald* [*v. Rumford Sch. Dist.,* 609 A.2d 1160, 1161 (Me.1992) ]. This finding is based on the language in *McDonald* which speaks of injuries which contribute equally to an earning incapacity." The Board issued further findings of fact in June 1995, but did not reverse its conclusion with respect to the inflation adjustments. No appeal was taken from that decision.

[¶ 3] In November 1995, nearly five months after the Board acted on the motion for findings of fact, NPS sent a letter asking the Board to "clarify" whether the February 15, 1995 decision required that O'Connor's payments to NPS be adjusted for inflation. In response to the request of NPS in January of 1996, the Board concluded that Dunphe was entitled to an adjustment for his first date of injury, but ordered O'Connor to pay the inflation adjustment directly to Dunphe, not to NPS. In May, 1996 the Board issued further findings of fact related to the January 16, 1996 "clarification." O'Connor and NPS filed timely petitions for appellate review from the decision and we granted both petitions pursuant to 39–A M.R.S.A. § 322 (Supp.1996).

[¶ 4] O'Connor contends that the Board had no authority to alter its decision in this case seven months after the last decision. We agree. As we have stated:

> Absent specific statutory authority, the Board may not reopen or amend a final decision. *Wood v. Cives Constr. Corp.*, 438 A.2d 905, 908 (Me.1981); *Anania v. City of Portland,* 394 A.2d 782, 784–85 (Me.1978); *Johnson v. Kostis Fruit Co.,* 281 A.2d 318, 320 (Me.1971). Such a rule ensures finality of workers' compensation decisions and effectuates "the legislative desire for speedy and summary disposition of workers' compensation cases." *Wood,* 438 A.2d at 908; *Anania,* 394 A.2d at 784–85.

*Guaranty Fund Mgt. Servs. v. Workers' Comp. Bd.,* 678 A.2d 578, 582–83 (Me.1996). Because no appeal was taken from the February 15, 1995 decision, that decision is valid and final and the Board is without the ability to reverse or amend that decision absent express statutory authority to do so.

[¶ 5] NPS contends that the Board's January 16, 1996 decision was authorized pursuant to 39–A M.R.S.A. § 318 (Supp.1996). Section 318 provides, in pertinent part:

> Clerical mistakes in decrees, orders or other parts of the record and errors arising from oversight or omission may be corrected by the board at any time of its own initiative, at the request of the hearing officer or at the motion of any party and after notice to the parties. During the pendency of an appeal, these mistakes may be corrected before the appeal is docketed in the Law Court and thereafter, while the appeal is pending, may be corrected with leave of the Law Court.

39–A M.R.S.A. § 318. NPS contends that the Board's February 15, 1995 decision is ambiguous concerning whether O'Connor must pay an inflation adjustment to NPS. NPS also contends that the Board should be accorded deference in determining the existence of a "clerical error ... arising from oversight or omission" in a Board decision.

[¶ 6] Although we agree that the Board should be accorded deference, there is no reasonable basis for finding a clerical mistake in the February 15, 1995 decision. The original decision unambiguously states that "[n]o cost of living adjustments are payable pursuant to McDonald." In the absence of an appeal, that decision is final and must stand.

The entry is:

Decisions of the Workers' Compensation Board dated January 16, 1996 and May 14, 1996 are vacated.