STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-38
*SKS - KEN - 1/2/2003*

WARNACO, INC.,
and LIBERTY MUTUAL
INSURANCE CO.,

     Plaintiffs

    v.

**DECISION ON MOTION**

STATE OF MAINE,
WORKERS' COMPENSATION
BOARD,

     Defendant

and

NANCY CHARLAND,

     Intervenor

**DONALD L. GARBRECHT**
**LAW LIBRARY**

**JAN 7 2003**

This matter came before the court on the motion of the intervenor, Nancy Charland, for judgment on the pleadings. As such, the motion is brought pursuant to M.R. Civ. P. 12(c). However, since the motion essentially challenges the jurisdiction of the court over the subject matter, it could also be considered a motion under Rule 12(b)(1). Either way, the court is confined to allegations in the complaint. A hearing was conducted with all parties represented by counsel.

## Background

The petitioners/plaintiffs began this litigation with a petition for judicial review pursuant to M.R. Civ. P. 80C, seeking review of final agency action of the respondent Workers' Compensation Board (Board). According to the petition, the decision of the Board in question involved an issue of whether the employee (intervenor Nancy

Charland) had violated the Workers' Compensation Act and should be required to repay compensation received as a result of that violation under the provisions of 39-A M.R.S.A. § 360(2). The Board had declined to order the repayment on the ground that the petitioners had not proven a willful violation of the Act or that Ms. Charland intentionally misrepresented facts. Alleging that the Board had violated the provisions of section 360(2) by applying improper standards and errors of law, the petitioners further allege that they are aggrieved by the final agency action because they were denied repayment of excess compensation paid to the employee. Nancy Charland promptly moved to intervene. Charland then moved for judgment, arguing that the Superior Court does not have jurisdiction to hear this appeal.

## Discussion

The statutory basis for both the petition and the motion are found in 39-A M.R.S.A. § 360. For purposes of the present case, the pertinent provisions of that section are as follows:

§ 360. Penalties.

. . .

2.  General authority. The board may assess, after hearing, a civil penalty in an amount not to exceed $1,000 for an individual and $10,000 for a corporation, partnership or other legal entity for any willful violation of this Act, fraud or intentional misrepresentation. The board may also require that person to repay any compensation received through a violation of this Act, fraud or intentional misrepresentation or to pay any compensation withheld through a violation of this Act, fraud or misrepresentation, with interest at the rate of 10 percent per year.

3.  Appeal. Imposition of a penalty under this section is deemed to be final agency action subject to appeal to the Superior Court, as provided in Title 5, chapter 375, subchapter VII.

4.  Enforcement and collection. Penalties assessed under this section are in addition to any other remedies available under this Act and are

enforceable by the Superior Court under section 323.

       C.     All penalties assessed under this section are payable to the General Fund.

Ordinarily, decisions of the Board are subject to direct review by the Law Court. Title 39-A M.R.S.A. § 322.[1] The question is whether the appeal provision of section 360(3) for "imposition of a penalty under this section" is limited to the "civil penalty" authorized in section 2, or whether it also extends to decisions concerning repayment under that same section. The petitioners argue that the decision of the Law Court in *Guarantee Fund Management Services v. Workers' Compensation Board*, 678 A.2d 578 (Me. 1996), recognized a more expansive appellate role for the Superior Court under section 360. However, the decision of the Law Court in that case was contrasting the provisions of 39-A M.R.S.A. § 324 with those of section 360. The decision did not purport to decide the scope of a section 360 appeal, but merely held that such appeal to the Superior Court was not available under section 324.

Following oral argument on the motion, the court invited the parties to perform more extended legislative research with the hope of clarifying the Legislature's intent on this point. That research appears to have been thorough, but not dispositive of the legislative intent. However, looking at section 360 as a whole, it appears that the "penalty" envisioned in the appeal provisions of subsection 3 is limited to the "civil penalty" in subsection 2, and does not include decisions concerning repayment in that same subsection. Other portions of the section indicate that the penalties are in addition to any other remedies available under the Act and that "All penalties assessed under

---

[1] The petitioners have also pursued this approach simultaneously with the present appeal in the Superior Court.

this section are payable to the General Fund," which would not make them available for repayment or restitution purposes. Therefore, looking strictly at the language of the statute, the court must agree with the position of the intervenor.

The court is sensitive to the question of whether denial of appeal in the Superior Court pursuant to section 360(3) leaves the petitioners with no recourse. This does not appear to be the case. First, presumably the petitioners could appeal to the Law Court, as they have already done. Second, assuming that appeal was unsuccessful, it appears that the petitioners would still have the ability to bring a regular suit for recovery. Ordinarily when claims are made under the Workers' Compensation Act, that Act provides the sole jurisdiction for resolution. The provisions of section 360 provide a mechanism within that system for repayment of mispaid compensation, but the court does not read this as providing the sole remedy for the employer. In another words, the court has not found any particular provision which would prevent the employer or insurer from bringing a separate civil action against the employee for recoupment of these payments. In this regard, the petitioners stand in much the same position as the victims of a criminal act which has caused them a loss. Under Title 17-A, the court may order a convicted defendant to pay restitution. However, if the court decides not to order restitution, that decision (which is not appealable) does not bar the victim from suing the defendant in a regular civil suit.

For the reasons stated above, the court will grant the intervenor's motion as if it were a motion to dismiss pursuant to M.R. Civ. P. 12(b)(1), and order dismissal for lack of jurisdiction.

The entry will be:

Motion GRANTED. Appeal DISMISSED for lack of jurisdiction.

4

Dated: January 2, 2003

S. Kirk Studstrup
Justice, Superior Court

Date Filed __6/21/02__ ____Kennebec____ Docket No. __AP02-38__

County

Action ____Petition for Review____
80C

Jeffrey L. Cohen, Esq. (Interv)
Four Union Park
P.O. Box 5000
Topsham, Maine  04086-5000

J. STUDSTRUP

James G. Fongemie, Esq.


____Warnaco, Inc.____  VS.  __State of Maine, Workers' Compendation Bd.__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Daniel F. Gilligan, Esq.<br>P.O. Box 9711<br>Portland, Maine  04104-5011 | John C. Rhode, AAG.<br>27 State House Station<br>Augusta ME  04333-0027<br><br>~~Robert Perkins, AAG~~<br>~~6 State House Station~~<br>~~Augusta, ME 04333-0006~~ |

| Date of Entry | |
|---|---|
| 6/21/02 | Petition for Judical Review, filed. s/Gilligan, Esq. |
| 7/9/02 | Entry of Appearance of John C. Rhode, AAG on behalf of the State, filed. |
| 7/10/02 | Motion to Intervene;<br>Memorandum of Law in Support of Motion to Intervene; and<br>Proposed Order, filed.  s/J. Cohen, Esq.  (filed 7/9/02)<br><br>Motion for Judgment on Pleadings and Incorporated Memorandum of Law<br>with attached exhibits;<br>Request for Hearing and Proposed Order, filed.  s/J. Cohen, Esq.<br>(filed 7/9/02) |
| 7/15/02 | Administrative Record, filed. s/Rohde, Esq.  (2 vol.)  **(IN VAULT)** |
| 7/19/02 | Letter filed indicating no objection to the Motion to Intervene, filed.<br>s/Gilligan, Esq. |
| 7/22/02 | ORDER ON MOTION TO INTERVENE, Studstrup, J. (dated 7/19/02)<br>The intervenor's brief in this matter shall be due at the same time as the<br>brief of the defendant.<br>Copies mailed to attys of record. |
| 7/25/02 | Letter informing the court that there is no objection to the relief sought<br>in the Motion to Intervene, filed. s/Collier, Esq. |
| 8/13/02 | Petitioners' Memorandum of Law in Opposition to Motion for Judgment<br>on the Pleadings, filed. s/D. Gilligan, Esq.   (filed 8/12/02) |
| ------- | Petitioners' Motion to Enlarge Time to Respond to Intervenor's Motion<br>for Judgment on the Pleading with Incorporated Memorandum of Law, filed.<br>s/Gilligan, Esq.<br>Proposed Order, filed.<br><br>Respondents' Memorandum of Law in Opposition to Motion for Judgment on<br>the Pleadings, filed. s/Rohde, Esq. |
| 8/19/02 | Brief of Petitioner with attachments, filed.  s/D. Gilligan, Esq. |